TIMOTHY H. FARRELL'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The subordinate facts found by the trial court reviewed and *held* to sustain its ultimate conclusion that the county commissioners had acted unfairly and illegally in granting to the licensee a transfer of his license to sell intoxicating liquors.

Although the statute (§ 2647) invests the county commissioners with a large discretion and judgment in determining what are suitable places for saloons, yet their discretion is not absolute. It must be exercised fairly, or their action is illegal. When unfairly exercised, the action of the county commissioners may be reviewed and set aside, and the Superior Court, on appeal, in order to determine whether the county commissioners have acted fairly, may hear the facts.

Submitted on briefs June 4th—decided July 26th, 1912.

APPEAL by a resident and taxpayer from the action of the county commissioners of Fairfield County in granting the transfer of a license to sell intoxicating liquor to one Edward Burke, licensee, taken to and tried by the Superior Court in said county, *Ralph Wheeler, J.;* facts found and judgment rendered vacating and setting aside the action of the county commissioners, from which said Burke appealed. *No error.*

*Eugene C. Dempsey,* for the appellant (Edward Burke, licensee).

*J. Moss Ives, Thomas A. Keating* and *Charles W. Murphy,* for the appellee (Timothy H. Farrell, resident and taxpayer).

THAYER, J. This is an appeal by a taxpayer from the action of the county commissioners in granting a transfer of a license to sell intoxicating liquors. The Superior Court found that the county commissioners acted unfairly and illegally in transferring the license, and, at the request of the original appellee (the present appellant, Burke) has found the subordinate facts from which it drew that conclusion. The sole question raised by the appeal is whether the conclusion is warranted by the facts.

Among the facts thus found are: The place to which the transfer was permitted is not efficiently policed, as

required by § 2647 of the General Statutes; it is in a residential neighborhood; it is in the neighborhood of a charitable institution for the care of children, some of whom will be compelled to pass the door of the saloon in going to school; the transfer of the license would be detrimental to this institution; a large number of children, who attend St. Peter's Parochial School in the neighborhood, will be compelled to pass the place on their way to and from that school; and the situation of the saloon at the corner of South Street and Town Hill Avenue is such that it "would obtrusively force suggestion of the use of intoxicating liquors upon persons" going along those streets. It cannot be said from these findings that the court's ultimate conclusion is logically unwarranted, so as to constitute an error of law.

The statute invests the county commissioners with a large discretion and judgment in determining what are suitable places. Certain places are, however, not to be licensed. Among them are places not efficiently policed, places located in a merely residential neighborhood, and places "in such proximity to a charitable institution, whether supported by public or private funds, as may be detrimental to the same." The discretion given the county commissioners is not absolute. It must be exercised fairly, both to the community and to the applicant for license, or their action is illegal. When thus unfairly exercised, the action of the county commissioners may be reviewed and set aside. To determine whether the county commissioners have acted fairly, the Superior Court on appeal may hear the facts. *Moynihan's Appeal,* 75 Conn. 358, 364, 53 Atl. 903. The court has found this to be a case of such unfair action on the part of the county commissioners.

There is no error.

In this opinion the other judges concurred.