JOHN BRADY'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, April Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Upon a taxpayer's appeal from the action of the county commissioners in granting a removal permit to a retail liquor dealer, the Superior Court found that both the applicant and the proposed place of business were unsuitable. *Held* that this finding justified the conclusion of the court that the commissioners, in granting the application, acted illegally and in excess of their power.

The question of the suitability of person or of place is one of fact, and the conclusion and judgment of the Superior Court thereon will not be disturbed by this court unless it appears to have been reached arbitrarily or without reasonable foundation.

Upon appeal from the action of county commissioners in granting or refusing liquor licenses, the Superior Court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the commissioners' action; and it is only in this qualified and limited sense that its hearing can be said to be *de novo*.

The county commissioners are not bound to grant a removal permit regardless of the unsuitability of the place to which the business is to be removed, merely because the granting of the permit would not increase the number of saloons in that neighborhood.

As the county commissioners are authorized by General Statutes § 2645, to reject applications for liquor licenses merely because of the existence of a sufficient number of licensed places in the town or vicinity, the Superior Court in reviewing the legal propriety of the commissioners' action upon appeal is, by necessary implication, entitled to cover the same field of inquiry.

Argued April 13th—decided June 10th, 1915.

APPEAL by a taxpayer from the action of the county commissioners of New Haven County in granting a removal permit to a retail liquor dealer in the town of Waterbury, taken to and tried by the Superior Court in New Haven County, *Greene, J.;* facts found and judgment rendered vacating and setting aside the action of the county commissioners, from which the applicant for the permit appealed. *No error.*

Frank Matusavage, licensed to sell intoxicating liquors at 699 Bank Street in Waterbury, made application to the county commissioners for the transfer of his license, then having five months to run, to another location upon a different street but not far distant from his licensed place of business, and only one hundred and twenty feet from the corner of Bank Street. Brady and others filed a remonstrance, assigning as reasons (1) that due notice of the hearing had not been given; (2) that the place was unsuitable as being in a purely residential neighborhood; (3) that a sufficient number of licensed places already existed in the vicinity; and (4) that the place was otherwise unsuitable. The application having been granted by the commissioners, this appeal was taken by Brady. The Superior Court found that the applicant was an unsuitable person, that the place for which a license by transfer was desired was unsuitable, and that the county commissioners had acted in excess of their power and illegally in granting the application, and thereupon set aside and vacated their permit. The court refused to find that due notice of the hearing had not been given, or that the place to which the permit was asked was in a purely residential neighborhood. The third reason of appeal was not passed upon. The finding of unsuitability of place rested upon grounds other than those embodied in the express prohibitions of statute.

*Francis Guilfoile* and *Thomas F. Devine,* for the appellant (applicant).

*Walter E. Monagan,* for the appellee (taxpayer).

PRENTICE, C. J. We may eliminate from our consideration the major portion of the questions presented by the appeal and discussed before us. The trial

judge found that the applicant was an unsuitable person and his proposed place of business unsuitable, and, therefore, that the county commissioners, in granting his application, acted in excess of their power and illegally. Two reasons were thus found to exist and made the basis of the court's action, either one of which was sufficient. *Coles' Appeal,* 79 Conn. 679, 682, 66 Atl. 508. We have no occasion to deal with but one, to wit: the finding of unsuitability of the place. Most of the questions presented by the appeal to this court relate to the finding of unsuitability of person; that as to the unsuitability of place is touched by only a few.

The applicant asks that certain corrections of and additions to the finding be made. No one of them, save those which embody ultimate conclusions of fact as distinguished from evidential facts, would, if made, materially change the legal aspect of the situation as related to the matter of place.

The trial judge heard the evidence the parties desired to offer, and personally inspected the premises and vicinity, and founded his conclusion and judgment, in so far as place was concerned, upon that evidence and inspection. The question before him was one of fact. *Stavolo's Appeal,* 81 Conn. 454, 457, 71 Atl. 549. Hence we cannot disturb his conclusion unless it appears, as it does not, to have been made arbitrarily or without reasonable foundation. *Malmo's Appeal,* 73 Conn. 232, 238, 47 Atl. 163; *Coles' Appeal,* 79 Conn. 679, 682, 66 Atl. 508.

Counsel for the applicant urge that the court erred in entering upon a trial of the issue of suitability entirely independently of what was before the commissioners, and did not confine itself to a review of their action in the light of what was before them, thus, in effect, as they say, hearing the application *de novo.*

The course the court pursued has had the repeated approval of this court. Upon these appeals the court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the action of the commissioners. In this qualified sense, but in no other, is its hearing one *de novo*. *Moynihan's Appeal*, 75 Conn. 358, 362, 53 Atl. 903; *Burns' Appeal*, 76 Conn. 395, 396, 56 Atl. 611; *Coles' Appeal*, 79 Conn. 679, 681, 66 Atl. 508. "To determine whether the county commissioners have acted fairly, the Superior Court on appeal may hear the facts." *Farrell's Appeal*, 85 Conn. 701, 703, 84 Atl. 102.

The applicant presented to the Superior Court the claim of law that "the transfer of the license should be granted because it was not increasing the number of saloons in the neighborhood." As bearing upon this claim, the court found that the neighborhood to which a transfer was sought was wholly distinct and apart and different in character from that of 699 Bank Street, and that the grant of the permit would result in the placing of a saloon in a neighborhood in which there was none, and further ruled that it was not so, as matter of law, that a removal permit should be granted whenever the granting of it would not increase the number of saloons in the neighborhood to which the removal was desired, regardless of the unsuitability of such neighborhood. This ruling was sound, and the finding is one which we cannot disturb. The court properly overruled the claim.

Closely connected with this subject is the contention of counsel for the applicant, that it was not within the province of the Superior Court to inquire into the sufficiency of the number of saloons in a neighborhood, vicinity, or town, since that power was not expressly conferred upon it by statute, and since courts, acting

judicially, are not suitable tribunals to make that inquiry. Section 2645 of the General Statutes permits the commissioners to reject applications for no other reason than the existence of a sufficient number of licensed places, and thus makes that consideration a pertinent one in an inquiry as to the suitability of place. Upon appeal the Superior Court, in its examination of the propriety of the action of the commissioners, must, by necessary implication, be entitled to cover the same field of inquiry. The exercise of power by the latter may be abused as readily in respect to this important matter of number as in any other, so that it is difficult to conceive how the question of abuse of power by the commissioners could be fairly determined without a consideration of all those matters which the commissioners were entitled to consider. While it is true, as we have said, that the question whether a sufficient number of licensed places exist in a given locality, involving as it must inquiries and considerations of local interest and policy, is not one for which courts, acting within judicial limitations, are well suited to decide, it by no means follows that they cannot satisfactorily determine that a given conclusion by an administrative board in such a matter was in the abuse of a sound discretion. *Moynihan's Appeal,* 75 Conn. 358, 364, 53 Atl. 903.

There is no error.

In this opinion the other judges concurred.