## Louis DeFlumeri *vs.* Anthony Sunderland.

Third Judicial District, New Haven, January Term, 1929.

Wheeler, C. J., Haines, Hinman, Banks and John Rufus Booth, Js.

Argued January 16th—decided March 2d, 1929.

*Philip Pond,* for the appellant (defendant).

*John J. Dwyer,* for the appellee (plaintiff).

BANKS, J. The plaintiff made application to the respondent, the mayor of Danbury, under Chapter 245 of the Public Acts of 1927, for a certificate of approval of certain land owned by him on White Street in Danbury as a location for a station for the sale of gasoline, which the mayor, after due notice and hearing, denied, and the plaintiff took an appeal to the Superior Court, which the statute (§ 6) provides may be taken by "any person aggrieved by the performance of any administrative act provided for in this Act." The appeal alleged that the location was a suitable one for the purpose of a station for the sale of gasoline and that the plaintiff was aggrieved by the administrative act of the mayor in denying his application but did not further state the grounds of the appeal. At the close of the plaintiff's case the respondent moved to dismiss the appeal upon the ground that the court had no power to review the administrative act of the mayor, which motion was denied. After the conclusion of the hearing, the plaintiff filed a motion for permission to amend his appeal and a proposed amendment alleging that the mayor, in denying his application, exceeded and abused his powers and acted arbitrarily and illegally. The respondent objected to the allowance of the amendment upon the ground that no jurisdictional fact was alleged in the original appeal. The court allowed the amendment. These rulings are assigned as error. In the so-called "appeal" allowed by statute from the decision or ruling of an administrative board, it is sufficient if the appellant alleges that he is aggrieved by

the ruling of the board, and the court may thereafter order reasons of appeal to be filed. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 35, 78 Atl. 587. It was within the discretion of the trial court to allow this amendment after the close of the hearing. The motion to dismiss, in so far as it was based upon the claim that the court was without jurisdiction to hear the appeal, was properly denied. If an administrative order is so unreasonable as to justify judicial interference it is within the power of the court to set it aside, and the court must necessarily have jurisdiction to determine the facts involved in such an issue. *Brein* v. *Connecticut Eclectic Examining Board*, 103 Conn. 65, 87, 130 Atl. 289; *Norwalk* v. *Connecticut Co.*, 89 Conn. 537, 542, 94 Atl. 988; *Norton* v. *Shore Line Electric Ry. Co.*, *supra.*

The nature of the so-called "appeal" allowed by various statutes from the decisions of administrative boards has been discussed in numerous cases in this court and its true character is definitely settled. It is not an appeal in the sense of a transfer of jurisdiction from one court to another, but simply provides "a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department." *Malmo's Appeal*, 72 Conn. 1, 6, 43 Atl. 485.

The controlling question upon this appeal is whether the mayor acted illegally or arbitrarily or abused his discretion. This the plaintiff concedes in his brief. The question involves an inquiry as to whether his action was beyond his statutory powers, or beyond his jurisdiction, or whether he acted arbitrarily, as without notice and due hearing, or so unreasonably as to constitute an abuse of official discretion. *Modeste* v. *Public Utilities Commission*, 97 Conn. 453, 459, 117 Atl.

494. The statute provides that the applicant for a license for a gasoline station shall present to the Motor Vehicle Commissioner a certificate of approval of the location by the mayor of the city. It authorizes the mayor to issue such certificate after notice and hearing. No statutory restriction whatever is imposed upon his action in issuing or refusing to issue such certificate. He may refuse to issue it if in his judgment the best interests of the community under the due administration of the law require such refusal. Considerations of local interests and conditions determining his administrative policy may justify his action in any particular case which it would be impracticable for a court to ascertain and apply even if it could be lawfully burdened with such duties. *Moynihan's Appeal,* 75 Conn. 358, 364, 53 Atl. 903.

The providing of a process for invoking the judicial power to control his action does not transfer to the court the power to issue the certificate. The court found that the land of the plaintiff constituted a suitable location for a public gasoline station. That question was not before the court upon this appeal. The statute does not require the mayor to issue a certificate upon proof that the proposed location is a suitable one for the purpose. Our statutes formerly authorized the county commissioners to issue licenses to suitable persons to sell intoxicating liquors in suitable places and gave a right of appeal to the Superior Court from the action of the commissioners in issuing or refusing to issue such licenses. We held that the word "suitable" as used in that statute was used to define a statutory qualification calling for an interpretation of a judicial nature and that upon appeal the suitability of person and place and other statutory conditions to the issuing of a license were brought before the court whose decision as to these matters was binding on the

commissioners. *Moynihan's Appeal*, and *Malmo's Appeal, supra; Hopson's Appeal*, 65 Conn. 140, 31 Atl. 531.

The trial court found numerous facts bearing upon the question of the suitability of plaintiff's land for a gasoline station and upon those facts reached the conclusion that the place was a suitable one for that purpose. The record indicates that the court determined the question of suitability of place as though that were a statutory qualification for the issuance of the certificate of approval as it was for the issuance of a license in the cases of appeals from the county commissioners. In those cases the claim that the commissioners acted illegally or exceeded or abused their powers was ordinarily based upon a disregard or misunderstanding of the statutory qualifications for a license, and the determining of these questions, requiring, as it did, an interpretation of a judicial nature, called for an original investigation and in a qualified sense a hearing *de novo* in the Superior Court. *Moynihan's Appeal, supra*, p. 362. Such was not the nature of the question before the court upon this appeal. The only express limitation upon the mayor's power is that it shall be exercised only after notice and hearing. The action of the mayor was taken after due notice and hearing and was clearly within his statutory powers and jurisdiction. Even so, it would still be subject to attack in this proceeding if it appeared that his denial of the certificate of approval was arbitrary or so unreasonable as to be an abuse of discretion.

It is found that there is a gasoline station on White Street, opposite the plaintiff's land, operated by one Gulliver, and that no reason appeared for the denial of the certificate of approval by the mayor except the opposition of Gulliver to the competition that the location of this station would bring. If this could be construed as a finding that the mayor denied the applica-

tion of the plaintiff with no other reason for his action than that of Gulliver's opposition, it might well justify a conclusion that the action of the mayor was not only arbitrary but so unreasonable as to be an abuse of discretion. The respondent claims that this paragraph should be stricken from the finding and the evidence which is before us upon the motion to correct the finding requires that such action be taken. A number of witnesses testified to facts indicating the undesirability of permitting another gasoline station in this locality, one of which was the proximity of a school attended by young children. Of course the question here is not whether the trial court deemed these reasons sufficient to warrant the denial of the application, but whether the action of the mayor was so devoid of any reason therefor as to render it arbitrary or so unreasonable as to be an abuse of discretion.

In his brief the plaintiff claims that if his application for a certificate of approval of his location is denied he will be deprived of the right to use his property in a reasonable and lawful manner and denied the equal protection of the law. If this is so, it will be because that result follows from the execution of the provision of the statute, and the brief cites authorities to the effect that statutes and ordinances which purport to vest in municipal authorities power to grant or refuse licenses to engage in the gasoline business, uncontrolled by any standard fixed by the statute or ordinance, are unconstitutional. The question of the constitutionality of this statute was not raised upon the pleadings and is not before us upon this appeal.

There is error, the judgment is reversed and the cause remanded to the Superior Court with direction to enter a judgment dismissing the appeal.

In this opinion the other judges concurred.