CLOSSON P. HOLLEY vs. ANTHONY SUNDERLAND.

Third Judicial District, Bridgeport, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 10th—decided October 4th, 1929.

*Leonard McMahon*, for the appellant (plaintiff).

*J. Moss Ives*, with whom, on the brief, was *William H. Comley*, for the appellee (defendant).

WHEELER, C. J.   Holley's appeal is from the denial of his application for a certificate of approval of a location for the sale of gasoline and other motor-vehicle products as provided for by Chapter 245 of the Public Acts of 1927.   His appeal alleges that the location is a suitable one for such purposes and conforms in all respects to the requirements of law, that he is aggrieved by the denial of his application, and that in denying him such certificate of approval the mayor exceeded and abused the power and authority vested in him and acted arbitrarily and illegally and has deprived him of the right to use his property in a reasonable and lawful manner.

The finding shows that the mayor, on due notice, held a hearing upon this application at which all parties in interest were given full opportunity to be heard and thereafter denied the application; that at the hearing evidence was introduced tending to show that by reason of traffic conditions at the place and in the neighborhood of the proposed location, there would be serious danger to the traveling public and that the proposed location was not a suitable one for the purpose described in the application.

The trial court reached the following conclusions: that the mayor did not act arbitrarily or illegally, or exceed or abuse his authority, and that no evidence was adduced that showed that the mayor's conclusion was arbitrary, or illegal, or even unreasonable or illogical. An appeal from an administrative act, such as is involved in action taken upon an application under this statute, as we have recently pointed out in *DeFlumeri* v. *Sunderland*, 109 Conn. 583, 145 Atl. 48, is not a transfer of jurisdiction from the administrative body or official to a court and does not require the court on appeal to retry the case *de novo* for the purpose of determining whether it shall substitute its findings and conclusions for that of the administrative body or official, but is merely a process to determine whether the body or official has acted arbitrarily, or illegally, or has acted so unreasonably as to have abused its or his discretion. *Moynihan's Appeal*, 75 Conn. 358, 53 Atl. 903. Upon such an appeal the court does not make a determination upon its own independent judgment as to both law and fact, as counsel for Holley contend. Our practice is too well established to require more than its restatement. The controlling questions upon this appeal, as was true upon the appeal in *DeFlumeri* v. *Sunderland, supra*, are whether the mayor acted illegally or arbitrarily, or abused his discretion. The correction of the finding by adding paragraphs thirty-six to forty-four inclusive of the draft-finding showing the facts surrounding the granting of a certificate of approval by Mayor Sunderland was denied. Facts of that nature in a different case were wholly irrelevant in this action and should not have been received in evidence. Other corrections of the finding made a part of the reasons of appeal are either not of sufficient consequence to affect the questions of law involved or are paragraphs of the finding

which are conclusions comprising claims of law, or conclusions drawn from the finding which are embraced in the claims of law made on the trial and also made a part of the reasons of appeal. To determine whether the mayor has acted arbitrarily, or illegally, or so unreasonably as to have abused his discretion, the Superior Court on appeal necessarily must hear the relevant and material facts under the application and the pleadings thereto. *Farrell's Appeal,* 85 Conn. 701, 703, 84 Atl. 102.

In a related administrative appeal from the action of county commissioners in granting a removal permit to a retail liquor dealer we said: "Counsel for the applicant urge that the court erred in entering upon a trial of the issue of suitability entirely independently of what was before the commissioners, and did not confine itself to a review of their action in the light of what was before them, thus, in effect, as they say, hearing the application *de novo.* The course the court pursued has had the repeated approval of this court. Upon these appeals the court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the action of the commissioners. In this qualified sense, but in no other, is its hearing one *de novo. Moynihan's Appeal,* 75 Conn. 358, 362, 53 Atl. 903; *Burns' Appeal,* 76 Conn. 395, 396, 56 Atl. 611; *Coles' Appeal,* 79 Conn. 679, 681, 66 Atl. 508." *Brady's Appeal,* 89 Conn. 310, 312, 313, 94 Atl. 287.

There are no facts found which prove, or remotely tend to prove, that the mayor acted illegally or arbitrarily. Nor are we able upon the facts found to hold that the mayor acted so unreasonably as to have abused his discretion. The only conclusion reached, which is claimed to have been an abuse of his discretion is that the location was not a suitable place for the

establishment of a station for the selling of gasoline. That conclusion was within the legal discretion of the mayor subject to review if found unreasonably, so as to be an abuse of his discretion. The conclusion was one which was involved in the granting of a certificate of approval, since, manifestly, that ought not to be granted in case it was unsuitable for the purpose for which it was sought. It is manifest that there was evidence before the mayor from which this conclusion might, not unreasonably, have been drawn, in the finding that evidence was introduced tending to show that the conditions in the neighborhood of the location were such that there would be serious danger to the traveling public. Counsel for the appellant would disregard this finding and even strike it out. He fails to note the distinction between the appeal from an administrative act and the disposition of an ordinary judicial trial. We pointed this out in *Hopson's Appeal*, 65 Conn. 140, 146, 147, 31 Atl. 351, in these words: "The granting of a license is not so exclusively an executive function that the legislature has no power to confide it to a court, but it is nevertheless very clear that the function is different from that of settling disputed rights in the ordinary course of a judicial trial. . . . The judge does not preside over a judicial combat as in the trial of a civil action; he receives aid in the formation of his personal judgment. . . . In reaching his conclusion, as well as in directing the production of evidence to aid him in reaching that conclusion, he acts in the exercise of a judicial discretion which is not the subject of review, and which is essential for certain purposes to the exercise of judicial power. The discretion should be exercised in accordance with the appropriate analogies of the rules governing judicial trials; but, in the nature of things, the court cannot be bound in the particular application of such analogies as it is

bound in the application of the strict rules of law in a judicial trial."

The appellant's concluding reason of appeal, as we have stated these reasons, is "that the delegation of power to an administrative official under a statute which does not lay down any rule to guide or restrain that power or to inform applicants on what terms a certificate of approval will be granted is unconstitutional." Under our procedure, or under any proper procedure, we do not think the appellant, Holley, is entitled to raise this point on this appeal. In his application to the mayor he alleged his compliance with the statutory requirements, invoked the remedy provided by the statute and prayed that it be accorded him. In his appeal he does not question the constitutionality of the statute and we must infer from the terms of the appeal that his application to the mayor did not raise this question. So far as the record shows the first time the question was raised was in the claims of law made by the appellant on the argument of the appeal in the Superior Court. Truly this is a novel way in which to test the constitutionality of a statute.

The appellant cannot bring his appeal to the Superior Court in virtue of the remedy provided by the statute, alleging that the location of his premises is a suitable one for the sale of gasoline and the use of them for such purposes proper and reasonable and that the mayor in denying him a certificate of approval in accordance with this statute has abused his discretion and acted arbitrarily and illegally, and pray that the court issue or cause to be issued a certificate of approval, and in the same case at a later stage claim that the statute under which his action is brought is unconstitutional. The bringing of his application and appeal is not only an acceptance of the validity of the statute and of the remedy provided by it, but it is in

fact his acknowledgment to the court of the validity of the Act under which his action was brought. If the statute is held void his application and appeal must go with its downfall. The two positions are entirely inconsistent, and utterly repugnant to any reasonable procedure. In a somewhat related case, *Commissioner of Banks* v. *Prudential Trust Co.,* 242 Mass. 78, 136 N. E. 410, a statute made the stockholder of a trust company personally liable for debts of the company and the court held that this liability was a part of the contract which the company assented to in order to come into existence, and a condition to which each stockholder assented, and therefore the stockholder could not thereafter successfully question the constitutionality of the statute out of which his liability sprang. A like principle prevents this appellant from questioning the constitutionality of the statute upon which his appeal is based. For this reason, because the constitutionality of this statute cannot under our procedure be raised in this appeal by this appellant, we do not consider the question of its constitutionality.

There is no error.

In this opinion the other judges concurred.