## J. REID WILLIAMSON

### vs.

## ZONING BOARD of APPEALS of TOWN of FAIRFIELD

Superior Court          Fairfield County          File #48248

Present:   Hon. ERNEST A. INGLIS, Judge.

Howard L. Shaff,                    Attorney for the Plaintiff.

Arthur M. Comley,                   Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 8, 1935.

INGLIS, J.   This is an appeal from the action of the Zoning Board of Appeals of Fairfield in refusing to grant to the applicant a certificate of approval of the location for a gasoline filling station under **Conn. Supp. Sec. 4608.**

Two hearings were had by the Zoning Board of Appeals, on May 6th, 1935 and, a continuance thereof, on May 13th. At each of these hearings, the matter was discussed from various angles the contention of the opposition being on the ground that a gasoline station at the point would detract from the appearance of the spot, on the ground that it would endanger traffic, and on the ground that public convenience and necessity did not require a station there.

All of the members of the Board were familiar with the location, and had presented to them at the hearings a map showing the location proposed and surrounding territory. The Board based the refusal on the sole ground "that public necessity and convenience do not require the sale of gasoline or other product at the proposed location."   At the executive session of the Board at which its vote was taken the consideration of public convenience and necessity was the only one discussed.   At the time the vote was taken, the various members of the Board did have in mind, and gave due consideration to the proximity of schools, churches, theatres or play-

houses and other places of public gatherings, intersecting streets, traffic conditions and all of the other considerations mentioned in the Act. The Board was prevented from finding that the location was suitable for the sale of gasoline and other products only by reason of the fact that it failed to find that public convenience and necessity required the sale of gasoline and other products at the location.

It is clear that in the light of the case of **Perdue vs. Zoning Board of Appeals 118 Conn.** 174 the consideration of lack of public convenience and necessity is not an adequate ground for refusing to find that a location is suitable. It therefore follows that the Board acted improperly in arriving at its decision to refuse its approval of the location.

This case is not controlled by the rule laid down in **Nelley vs. Sunderland, 110 Conn. 80, 85** to the effect that one may not ask for a license required by a statute and at the same time take the position that the statute is unconstitutional. The applicant here is not taking the position that no approval of location is needed because the statute is unconstitutional. On the contrary, his contention is that so far as the statute requires an approval of location it is constitutional but one of the conditions imposed for the issuance of the approval is not a valid condition because the imposition of such a condition violates his constitutional rights.

Judgment may enter sustaining the appeal and directing the defendant Zoning Board of Appeals to issue to the applicant its certificate of approval for the location of a gasoline station on the premises described in the complaint.