## LEONARDO CASELLA
vs.
## JOHN W. MURPHY, MAYOR

Superior Court     New Haven County       File #48495

Present:   Hon. JOHN A. CORNELL, Judge.

M. C. Resnik,                   Attorney for the Plaintiff.

The Corporation Counsel,
FitzGerald, Foote & FitzGerald, Attorneys for the Defendant.

## MEMORANDUM FILED DECEMBER 16, 1935.

CORNELL, J. This is an appeal from the refusal of the Mayor of the City of New Haven to grant a certificate of approval to plaintiff for the location of a gasoline service station on premises owned by plaintiff at the southeast corner of Whalley Avenue and Norton Street in New Haven.

Illegality in the Mayor's action is alleged but this, accord-ing to the statement of plaintiff's counsel, is restricted to the Mayor's conclusion in that it is contended it was the result of an abuse of power and authority on his part and evidenced arbitrary conduct.

No question is raised as concerns compliance with the pro-cedural requirements of the applicable statutes nor as has to do with the sufficiency of the hearing had.

The complaint consists of this: that the evidence before this court and before the Mayor at the hearing conducted by the latter is such that the Mayor could not have come to the determination that he did, upon such evidence without doing so arbitrarily. This is another way of saying that the Mayor's judgment was not reasonable or logical and evidences an abuse, rather than a use of the discretion confided in him.

Omitting reference to all the other evidence, it admittedly appears that Whalley Avenue is what may be termed a "busy" thoroughfare; that on Norton Street, facing Elm, about a block away from the location of plaintiff's property and on the side of Norton Street opposite from that on which plain-tiff's property is, there is a public school.

From the minutes taken at the hearing before the Mayor, introduced in evidence by plaintiff, it appeared that a large number of children pass plaintiff's property and cross the intersection of Whalley Avenue and Norton Street where traffic is regulated by a light.

From this the Mayor could have found, as he testified in this court that he did, that the proposed location of a gasoline filling station at the location in question would add to the traffic hazard both to pedestrians and on the adjacent high-ways. In this he was supported by the chief of police who testified to the same effect, at the hearing in this court.

This is one of the factors which the statute mentions that

the Mayor might take into account in approving or disapproving an application of this kind.

It is possible, of course, that other men using fair and reasonable judgment might disagree with the Mayor in the decision at which he arrived.

That, however, does not establish that his conclusion is arbitrary, illogical or unreasonable. It is only when it appears that such a decision is characterized by qualities of the latter character that it can be found that a wrong has been done an applicant which it is within the province of the court to correct. **DeFlumeri vs. Sunderland, 109 Conn. 583; Holley vs. Sunderland, 110 Conn. 80, 83.**

Such a finding cannot be made here, since there was evidence upon which the Mayor's judgment might be predicated, reasonably and fairly, notwithstanding the fact that another mind might have viewed the matter differently.

Judgment for defendant dismissing the appeal, will be entered.