## CARP OIL COMPANY
### vs.
## BOARD OF ZONING APPEALS

Superior Court     New Haven County        File #48576

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

David Goldstein,                Attorney for the Plaintiff.

Omar W. Platt,                Attorney for the Defendant.

MEMORANDUM FILED FEBRUARY 29, 1936.

O'SULLIVAN, J. This matter comes to this Court under **Section 1665 of the General Statutes.** It is a so-called appeal from the action of the Board of Zoning Appeals in refusing to issue to the Carp Oil Company a certificate of approval of the location of a gasoline filling station.

The minutes of the Board were offered in evidence by the appellant. These reveal "that the application of the Carp Oil Company for a permit to conduct a gasoline station on the corner of Bridgeport Avenue and Kerema Avenue, Devon, be denied on the grounds that public convenience and necessity do not require the sale of gasoline at this location".

Such a reason is no reason at all in that the law regards as an unconstitutional one. **Perdue vs. Zoning Board of Appeals, 118 Conn. 174.**

Appreciating this fact, the respondent offered as a witness the Secretary of the Board who, over the objection of the applicant, was permitted to state the reasons which prompted the action of the Board. These reasons were at odds with that stated in the minutes.

The Court is of the opinion that this evidence was improperly admitted. "Evidence of the individual views of one member is not available to show the reasons actuating the Board or the grounds of its decision. These can only be shown by the vote of the Board." **Thayer vs. Board of Appeals, 114 Conn. 15, 20, 21.** Hence, so much of the defendant's evidence as is made up of the testimony of the Secretary which is contrary to the vote of the Board has been ignored by the Court.

We are confronted, then, with a situation which requires the sustaining of the appeal but that does not mean that this Court may issue a certificate of approval. The providing of

a process for invoking the judicial power to control the action of the Board does not transfer to this Court the power to issue the certificate. **DeFlumeri vs. Sunderland, 109 Conn. 583, 586.** This is not an appeal in the sense of a transfer of jurisdiction from one court to another, but simply "a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department." **Malmo's Appeal, 72 Conn. 1, 6; DeFlumeri vs. Sunderland, 109 Conn. at page 585.**

Nor may this Court, on the evidence before it, order the Board to issue a certificate. A certificate may be issued only by the Board and only when the Board shall find that such location is suitable for the sale of gasoline, due consideration being given to the proximity of schools, churches, theatres or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel. **Section 647C of Cum. Supp. 1935.**

These considerations must originate before the Board through the presentation of appropriate evidence. If the facts permit, the Board should issue a certificate. On the other hand, after such facts have been determined by the Board, it may refuse to issue the certificate on the ground that "such use of such proposed location will imperil the safety of the public". **Sec. 647C of Cum. Supp. 1935.** If the applicant feels aggrieved he may appeal to this Court and upon the offering of such evidence as will permit this Court to know that the considerations mentioned in the statute were presented to the Board, this Court has the power to order the Board to issue this certificate, but such power exists only when the Court can reach the conclusion that the action of the Board was illegal and arbitrary. At no time is it a question of what the Court would do if the matter were tried de novo. It is simply a problem of ascertaining whether the Board acted legally and without arbitrariness in reaching its conclusion after passing upon those considerations mentioned in the statute which are limitations by which it is to be guided.

Consequently, the appeal is sustained and the matter is remanded to the Board of Zoning Appeals to take further action in conformity with this opinion.