ALICE McCUTCHEON SCUDDER, ET AL.
*vs.*
TOWN OF GREENWICH, ET ALS.

Superior Court Fairfield County File No. 54980

 

 

MEMORANDUM FILED DECEMBER 12, 1939.

*Wright, Hirschberg, Pettengill & Strong,* of Greenwich.

*H. Allen Barton,* of Greenwich, for the Defendants.

O'SULLIVAN, J. On December 9, 1937, the selectmen of the Town of Greenwich issued the following order: "To Alice B. McCutcheon Scudder, Townsend Scudder. It is ordered that, on and after February 1, 1938, you shall not harbor or keep on any tract of land owned by you in the Round Hill district of the Town of Greenwich, more than ten dogs of either sex over three months of age."

This climaxed a public hearing held by the selectmen after they had received from several residents of the Round Hill district of the town a written complaint "that certain dogs kept in a kennel owned by Alice B. McCutcheon Scudder are a nuisance by reason of excessive barking and other disturbances."

The plaintiffs have brought this action, seeking injunctive relief against any attempt by various public officials to enforce the aforesaid order.

It appears that at the hearing before the selectmen, abundant evidence was submitted that a kennel of dogs, harbored on land owned by one of the plaintiffs in a strictly residential section of Greenwich, was a source of real annoyance to some of the neighbors because of the excessive barking of the dogs at night. In view of this evidence, this court cannot say that the select-men were unwarranted in their conclusion that some steps

should be taken to abate the nuisance. *Holley vs. Sunderland,* 110 Conn. 80.

The case, then, simmers down to a narrow legal issue, which may be stated in the form of a query: Did the selectmen, who unquestionably felt themselves justified from their investigation in taking some appropriate action, exceed their authority by issuing the particular order complained of?

That they did, it seems to me, is quite obvious. The order was not in the nature of an ordinance affecting all owners of dogs in the town. It was an order whose validity depends upon the grant of power found in section 1385c of the Cumulative Supplement to the General Statutes (1935). This provides that if any person shall make complaint in writing to the selectmen of a town that any dog owned or harbored within such town is a nuisance by reason of excessive barking or other disturbance, the selectmen may make such order concerning the restraint or disposal of such dog as may be deemed necessary.

This statute permitted the selectmen to order the owner of these dogs either to restrain or to dispose of the trouble-makers. This far they could go and no further. And yet they did, and by so doing placed arbitrary, unreasonable and unjustifiable checks upon these plaintiffs. For example, they are precluded the privilege of harboring more than ten dogs of their present breed even though such a number might not create a nuisance. The arbitrary fixing of ten dogs as the limit which may comprise the kennel is entirely illogical. Either all the dogs were barkers and should be disposed of, or only such as were creating the nuisance should have been eliminated from the pack. But a far more serious vice, highly discriminatory in nature, is to be found in the order. There are dogs which don't bark and there are dogs whose barking could not be deemed excessive. Yet the order denies the plaintiffs the right which they legally possess to harbor any number, upon the obtaining of an appropriate license, as long as a nuisance is not created thereby. Furthermore, the order is geographically unreasonable in that it will forever prevent the plaintiffs from harboring more than ten dogs in the Round Hill district, an area consisting of five square miles, even though on any piece of land they might acquire, its remoteness from neighbors might well preclude any annoyance to any one.

The selectmen have misconceived their power under the statute. They are limited thereby to such orders as affect specific

dogs which heretofore have, by excessive barking, created a nuisance. To remedy conditions created thereby, they may restrain or dispose of them. A specific dog or dogs, they may deal with, but they may not anticipate what other dogs will do and pass orders to meet the unprophesiable, as they have done in the present instance.

Consequently, the order went beyond the scope of the statute. It was an illegal exercise of authority and this court may and does restrain its enforcement. *Whitney vs. City of New Haven,* 58 Conn. 450, 457.

In view of this, no determination need be made of the declaratory judgment sought by the plaintiffs.

Judgment may enter in conformity with the foregoing.