PETER BARBERINO
*vs.*
JAMES V. LEE, WARDEN

Superior Court      New Haven County      File No. 57783

MEMORANDUM FILED JULY 5, 1940.

*Albert W. Cretella*, of New Haven, for the Plaintiff.

*Joseph N. Manfreda*, of Wallingford, for the Defendant.

INGLIS, J.   On June 13, 1939, the plaintiff applied in writing to the defendant "for a license to sell gasoline" in the Borough of Wallingford, "the location to be on the southeast corner of Main Street and Curtis Avenue."   Said application has been understood as being for a certificate of approval of location under section 646c of the 1935 Cumulative Supplement to the General Statutes, and has been treated by all parties as such.

After due notice, the defendant held a hearing on the application on July 6, 1939, and thereupon denied the application. From that denial the plaintiff has brought this appeal.   On this appeal, the only question is as to whether, in denying the application, the defendant acted illegally or arbitrarily or so unreasonably that he abused the discretion which is vested in him by the law.   *DeFlumeri vs. Sunderland*, 109 Conn. 583.   The plaintiff on this appeal will not be heard to question the constitutionality of the law under which he seeks the certificate. *Holley vs. Sunderland*, 110 Conn. 80.

The defendant, as warden of the Borough of Wallingford, based his refusal to grant the certificate, in the main, on four grounds.   In the first place, he believed that a zoning ordinance which the Court of Burgesses had purported to adopt shortly before the hearing on this application preserved the locality in the neighborhood of the proposed gasoline station as a residential zone.   In so far as appears in the evidence in this case, it does not appear either that the zoning ordinance had been validly adopted or, if it had, that it would have made it illegal

to maintain a gasoline station at the place in question. Accordingly, in so far as the defendant based his decision on this ground he acted illegally.

In the second place, he based his decision on the ground that the presence of the station at that location, which was in the midst of a first class residential district, would be detrimental to the surrounding property and seriously depreciate the value thereof. He was clearly right in finding that the conduct of a business, particularly such a business as was proposed with its smells and noise, would be harmful to the neighborhood. It might be contended that the only considerations which a warden might properly have in mind in deciding whether such a certificate were to be issued would be those which are specifically set forth in the statute, viz., the proximity of schools, churches, etc., traffic conditions and the safety of the public. In interpreting the statute in question, however, the Supreme Court of Errors in *DeFlumeri vs. Sunderland, supra,* 586, says: "It authorizes the mayor to issue such certificate after notice and hearing. No statutory restriction whatever is imposed upon this action in issuing or refusing to issue such certificate. He may refuse to issue it if in his judgment the best interests of the community under the due administration of the law require such refusal. Considerations of local interests and conditions determining his administrative policy may justify his action in any particular case...." Under that interpretation of the statute, it obviously was proper for the warden to refuse the certificate on the ground that a gasoline station in that locality would be unduly harmful to the surrounding property.

The third ground for the refusal of the certificate was that the location was in close proximity to schools, churches and other places of public gatherings. The evidence discloses that a public school is located two short blocks to the south, Choate School is located one long block to the east, three churches are located within about 700 feet to the south and a state armory which is used among other things for dances, athletic events and other large public gatherings, is within 450 feet to the south. The statute expressly provides that such a consideration is one which should be had in mind and, in this case, it certainly cannot be concluded that the warden acted unreasonably or arbitrarily in refusing a certificate for a location which was in such close proximity to such public buildings.

The fourth reason which the defendant had in mind was

that a gasoline station at the location in question would be a hazard to traffic. This also is a consideration expressly suggested by the statute and certainly the evidence in this case concerning the narrowness of both Main Street and Curtis Avenue and the amount of traffic both vehicular and pedestrian, particularly on various and rather frequent special occasions, justified the warden in reason in concluding that this was proper ground for refusal of the certificate.

There is no evidence which indicates that the warden acted arbitrarily or that he was influenced by any motives except the most proper.

Judgment may enter dismissing the appeal and that the defendant recover of the plaintiff his taxable costs.