## JOSEPH E. REARDON
### *vs.*
## DENTAL COMMISSION OF THE STATE OF CONNECTICUT

Superior Court          Hartford County          File No. 60498

MEMORANDUM FILED OCTOBER 8, 1940.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, for the Defendant.

FOSTER, J. The following notice was served upon the plaintiff:

"To: Dr. Joseph E. Reardon
817 Chapel Street
New Haven, Connecticut.

Pursuant to Section 2807 of the General Statutes, Revision of 1930, as amended, and Section 2809 of said 1930 Revision, notice is hereby given you to appear before the Connecticut Dental Commission for a hearing to be held at the office of the Attorney General of the State of Connecticut, at the State Capitol, Hartford, Connecticut, on the 17th day of November, A.D., 1938, at 11 o'clock in the forenoon, then and there to answer the fol-

lowing charges which have been preferred against you and reported to said Connecticut Dental Commission—UNPROFESSIONAL CONDUCT—in that you have violated the statute law of the State of Connecticut, particularly said Section 2807, as amended by Section 1014e of the 1939 Cumulative Supplement, as follows:

(a) Advertising professional superiority or the performance of professional services in a superior manner;

(b) Advertising prices or fees or partial payments;

(c) Advertising by means of large display, glaring, illuminated or flickering light sign or signs containing as a part thereof the representation of a tooth, teeth, bridgework;

(d) Advertising by sign or printed advertisement under the name of a corporation or a company;

(e) Advertising for patronage by means of handbills, posters or circulars;

(f) Advertising free dental work and advertising to guarantee dental service and the performance of dental operations painlessly;
and to appear and show cause, if any there be, why your license or registration should not be suspended or revoked as is by law in such case made and provided.

Dated at Southington, Connecticut, this 19th day of October, A.D., 1938.

CONNECTICUT DENTAL COMMISSION

By: A. J. Cutting, Recorder."

Later the following notice was served upon the plaintiff:

"To: Dr. Joseph E. Reardon
817 Chapel Street
New Haven, Connecticut.

Pursuant to Section 2807 of the General Statutes, Revision of 1930, as amended, and Section 2809 of said 1930 Revision, notice is hereby given you to appear before the Connecticut Dental Commission for a hearing to be held at the office of the Attorney General of the State of Con-

necticut, at the State Capitol, Hartford, Connecticut, on the 5th day of January, A.D., 1939, at 11 o'clock in the forenoon, then and there to answer the following charges which have been preferred against you and reported to said Connecticut Dental Commission by the Recorder thereof—UNPROFESSIONAL CONDUCT—in that you have violated the statute law of the State of Connecticut, particularly said Section 2807, as amended by Section 1014e of the 1939 Cumulative Supplement, as follows:

In that in the Town of New Haven, State of Connecticut, continuously for many months prior to the date hereof, you did:

(a) Advertise by means of large display, glaring illuminated or flickering light sign or signs, containing as a part thereof the representation of a tooth, teeth and bridgework.

(b) Advertise low prices in dental work and advertise prices for the repair of dental plates, remaking and retightening old plates, replacing of broken teeth....

And in that in the Town of Waterbury, State of Connecticut, you did:

(c) Advertise professional superiority in the performance of professional service in a superior manner.

(d) Advertise for patients by means of cards, handbills or circulars.

(e) Advertise free dental examinations and the performance of dental work and operations painlessly.

(f) Advertise by printed card or circular and particularly and more especially the repairing and retightening of dental plates and the replacing of broken teeth under the assumed or trade name of City Dental Laboratory.

Dated at Southington, Connecticut, this 26th day of November, 1938.

CONNECTICUT DENTAL COMMISSION

By: Almond J. Cutting, Recorder."

Later the charges against the plaintiff were amended as follows:

"AMENDMENT TO COMPLAINT AND CHARGES OF THE CONNECTICUT DENTAL COMMISSION vs. DR. JOSEPH E. REARDON, DATED NOV. 26, 1938.

Said complaint and charges are further amended by adding to each of the paragraphs (a) to (f) inclusive thereof, the following:

(a) and more particularly by maintaining attached to premises commonly known as 817 Chapel Street, New Haven, Connecticut, a box-shape display sign electrically equipped and illuminated and by electrically illuminating numerous signs on the exterior window of your office and by maintaining attached to the entrance of your office a large display case of dental plates and teeth and sign advertising your name and profession in connection therewith.

(b) by maintaining a sign or signs attached or affixed to the exterior windows of your office the words "Low Prices", "Dentistry on Credit", and advertising prices for the repair of dental plates and replacing of broken teeth.

(c) by means of a printed card or folder containing thereon and therein expressions of superiority in the making and furnishing of dental plates.

(d) by means of a printed card or folder advertising your professional skill and low prices for laboratory dental work and advertising special prices for a certain week or weeks.

(e) by means of a printed card or folder with your name and address thereon and by means of signs attached to the exterior window of your office at New Haven (not Waterbury) as alleged in Subdivision (f) of the original complaint herein annexed.

Dated at Hartford, Connecticut, this 19th day of December, 1938.

CONNECTICUT DENTAL COMMISSION

By:

DENNIS P. O'CONNOR, Attorney General
HARRY L. BROOKS, Assistant Attorney General."

On January 5, 1939, the plaintiff filed with the Dental Commission what he termed a demurrer, and this document the commission received. On January 5, 1939, the plaintiff filed with the commission a general denial of all of the charges made against him by the commission. On January 5, 1939, a hearing was held by the commission on the charges, the plaintiff being present with counsel. The Assistant Attorney General was present representing the commission. In reply to questions of the Assistant Attorney General, various members of the commission testified before the commission—not under oath—relative to the charges that had been made against the plaintiff. These gentlemen were cross-examined by counsel for the plaintiff. The hearing was continued to a future date. On March 27, 1939, at a continuation of the hearing, the plaintiff and one witness were heard, being questioned by counsel for the plaintiff and cross-examined by the Assistant Attorney General and by members of the commission. On April 10, 1939, the commission found the plaintiff guilty as set forth in a memorandum forwarded by mail to the plaintiff on April 19, 1939, copy of which memorandum is as follows:

"After hearing duly held at the Office of the Attorney General for the State of Connecticut, Hartford, Connecticut, on the 5th day of January and the 27th day of March, 1939, at which Dr. Joseph E. Reardon was personally present and was represented by Richardson Bronson, Esq., as counsel, upon the evidence adduced at said hearings, it was

VOTED: That this Commission finds Dr. Joseph E. Reardon guilty of unprofessional conduct, in that he had violated the statute laws of the State of Connecticut, particularly Section 2807 of the General Statutes, Revision of 1930, as amended by Section 1014e of the 1939 Cumulative Supplement, as follows:

In that he was guilty of (a) advertising by means of large display sign, containing as a part thereof the representation of a tooth, teeth and bridgework; (b) advertising low prices in dental work and advertising prices for the repair of dental plates, remaking and retightening old plates and replacing of broken teeth; (c) advertising professional superiority in the performance of professional services; (d) advertising for patients by means of cards, handbills or circulars; (e) advertising free dental

examinations and the performance of dental work and operations painlessly; (f) advertising by printed card or circular, and particularly and more especially, advertising the repairing and retightening of dental plates and the replacing of broken teeth, under the assumed or trade name of "City Dental Laboratory"; and it is therefore

VOTED: That the license of the said Dr. Joseph E. Reardon be, and the same hereby is, suspended for the period of six months from the 20th day of April, A.D., 1939.

Dated at Southington, Connecticut, this 10th day of April, A.D., 1939.

CONNECTICUT DENTAL COMMISSION

By: Almond J. Cutting, Recorder."

Considering the allegations of the plaintiff's complaint: I find no law requiring that a complaint of the commission against the plaintiff must be made in writing when such complaint is made by a member of the commission. The plaintiff did have served upon him a written complaint of the charges made. The plaintiff had ample opportunity to prepare a defense before the commission of the charges made, and he presented such defense, aided by counsel. Members of the Dental Commission did make complaint to the recorder of the Dental Commission of acts of the plaintiff. The recorder did make and caused to be made an investigation of the charges made against the plaintiff. The recorder of the Dental Commission did obtain information concerning facts and acts of the plaintiff, which he reported to the Dental Commission. The Dental Commission was not required by law to make a finding of facts or acts prior to the issuance of notice to the plaintiff to appear before the commission. The Dental Commission might under the law hear statements of its members made not under oath; and thereby the plaintiff was not deprived of his constitutional rights. The members of the Dental Commission were not disqualified from passing upon the case of the plaintiff by reason of their testifying in regard to the case. The action of the Dental Commission in suspending the plaintiff was not based upon surmise and conjecture and was based upon proper evidence before it. Other claims of the plaintiff in his complaint are found not proven and in favor of the Dental Commission.

The procedure in cases such as this is clearly set forth in section 2809 of the General Statutes, Revision of 1930. The grounds for suspension appear in section 2807 of the General Statutes, Revision of 1930; section 1143c of the 1935 Cumulative Supplement to the General Statutes; and section 1014e of the 1939 Cumulative Supplement to the General Statutes.

The Dental Commission is the power authorized by law to find the facts and exercise the power of suspension, if in its judgment the facts warrant such action. The court cannot disturb such finding or action, unless they be so unreasonable as to amount to a violation of law. *DeFlumeri vs. Sunderland,* 109 Conn. 583; *Holley vs. Sunderland,* 110 id. 80; *Town of Andover vs. Public Utilities Commission,* 113 id. 494; *Skarzynski vs. Liquor Control Commission,* 122 id. 521; *Kram vs. Public Utilities Commission,* 126 id. 543.

In this case the Dental Commission did not act arbitrarily or illegally and did not abuse its discretion. The photographs, Exhibits J, K and L, are sufficient evidence in themselves to justify the action of the commission.

Members of the commission personally visited the office of the plaintiff in New Haven and Waterbury and acquired personal knowledge of the acts of the plaintiff.

Dentistry is a profession—not a business. Members of this profession must have patients—those who seek their services—and must make reasonable charges, in order to live and maintain themselves and their families. But the primary consideration of this profession is the health of the community. This fact is recognized by the State in the passage of laws for the creation of a Dental Commission and their government and providing who may be permitted to practice the profession and providing for the suspension of those who attempt to practice the profession as a business rather than as a profession. It is the duty of the Dental Commission to uphold the high standards of this profession and to bar from practice any man who has not a proper conception of and respect for such standards.

Judgment is rendered in favor of the Dental Commission of the State of Connecticut against Joseph E. Reardon and the appeal of Joseph E. Reardon from the action of the Dental Commission of the State of Connecticut suspending the license

of Joseph E. Reardon as a registered licensed dentist in the State of Connecticut is denied and dismissed.