SAMUELS *v.* COUZENS.

MUNICIPAL CORPORATIONS — ORDINANCES — VALIDITY — LICENSES—
POLICE POWER—DELEGATED AUTHORITY.

> An ordinance of the city of Detroit which purports to
> regulate and license the business of selling jewelry, but
> which delegates arbitrary power to the mayor to license
> or refuse to license at will, without defining any policy to
> be pursued or fixing any conditions to be met by appli-
> cants, so offends against the principles governing delegated
> administrative functions under the police power as to
> render it wholly void.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted January 10, 1923. (Docket No. 90.) De-
cided April 27, 1923.

Bill by Joseph Samuels and another, copartners as
The Diamond Shop, against James Couzens, mayor of
the city of Detroit, and another to enjoin a prosecu-
tion for the violation of a city ordinance. From a
decree for plaintiffs, defendants appeal. Affirmed.

*Walter Barlow* (*Clarence E. Wilcox*, of counsel),
for appellants.

WIEST, C. J. In July, 1919, the common council
of the city of Detroit adopted the following ordinance:

"An ordinance to regulate and license the business
of selling jewelry, other than second-hand jewelry, in
the city of Detroit.

"SECTION 1. No person, firm or corporation shall
engage in the business of selling jewelry, other than
second-hand jewelry, without first having obtained a
license from the mayor of the city of Detroit.

"SEC. 2. Any person, firm or corporation desiring
to engage in the business of selling jewelry shall make

application in writing to the mayor of the city of Detroit, stating the location in which he desires to engage in business, and containing an agreement on the part of the applicant that he will accept the license, if granted him, and that it may be revoked at the will of the mayor.

"Before granting a license it shall be the duty of the mayor to require a sufficient surety bond in the amount of two hundred ($200) dollars to cover any loss or damage to any citizen doing business with such licensee. A fee of one ($1.00) dollar shall be charged for the issuance of this license which shall be granted for a period of one year, but all licenses shall expire July first of each year.

"When complaint is made to the mayor that property has been lost or misrepresented by said licensee, or any person acting in his behalf, it shall be his duty to make inquiry into the circumstances surrounding such loss or misrepresentation and adjust same or revoke such license if such action is warranted by the facts. No licensee under this ordinance shall by virtue of one license maintain or conduct more than one place of business for the selling of jewelry as mentioned in section 1.

"SEC. 3. If any licensee operating under the provisions of this ordinance shall violate or fail to comply with any of the provisions of said ordinance applicable to such licensee, such act mentioned on the part of such licensee shall be cause for revocation of such license.

"SEC. 4. Any person, firm or corporation who shall violate any of the provisions of this ordinance or shall fail to comply with same, shall, upon conviction thereof be punished by a fine of not less than twenty-five ($25) dollars or more than one hundred ($100) dollars or by imprisonment in the Detroit house of correction for a period of not less than thirty days or more than ninety days or by both such fine and imprisonment, in the discretion of the court.

"SEC. 5. This ordinance does not in any way affect Ordinance No. 617-A entitled 'An ordinance to regulate and license the buying and selling of second-hand jewelry and similar articles,' which said ordinance shall remain in full force and effect as heretofore."

Plaintiffs, as copartners, are now and for some time have been engaged in the retail jewelry business on Woodward avenue in the city of Detroit. They are not engaged in selling second-hand jewelry. They have no license, and have been complained against, in the recorder's court for the city of Detroit, for conducting their business without a license. They filed the bill herein to restrain the officials of the city from prosecuting the pending complaints and from illegally causing detectives to enter and remain in their store to talk with and discourage customers from making purchases. They claim the ordinance is void.

This ordinance was before us in *Samuels* v. *Couzens*, 215 Mich. 328, where a majority of the court held that its validity was not then up for consideration. The learned circuit judge held:

"The ordinance states no standard for the guidance of the mayor and prescribes no requirements or conditions under which a license may issue. By the construction placed upon it by the Supreme Court, the ordinance delegates uncontrolled licensing power to the mayor, and so long as it cannot be said that his action is unreasonable, he is bound by no limitations or restrictions. The jewelry business is not a public business in the sense that in itself it is subject to regulation under the police power. On this record, it is admitted that plaintiffs are conducting their business in a lawful and legitimate manner. There is no proof in the case which would justify the regulation of this business any more than any other mercantile pursuit. There is nothing in it hostile to the comfort, health, morals or even convenience of the community. There may be dishonest persons selling jewelry as there may be dishonest sellers of shoes and hardware. I question very seriously the power to regulate it at all unless it can be said that every business and occupation are subject to license and regulation under the police power. Certainly there should be some showing of some out of the ordinary conditions attending the sale of jewelry which affects

the public health, peace or safety before an ordinance of this kind is sustained.  *  *  *

"Because the ordinance does not define these conditions and requirements, and because there is nothing in the nature of the business involved which, in my opinion, justifies the ordinance under the police power, I am constrained to hold it invalid.    A decree may be entered in favor of plaintiffs as prayed."

We find no occasion to determine whether the city, under the police power, may place the operation of jewelry stores under license, nor to take up the question of the extent of the police power delegated to the city.    Considering, for the purposes of this case, that all the police power of the State, over the subject of regulating trades, occupations and professions, to be in the city, the ordinance must be held void.    This ordinance is too indefinite to send any authority to the administrative officers of the city; it declares no policy to be carried out in the interest of the public health, peace, morals or welfare; provides no regulations, and grants, without curb or declaration of legislative purpose, arbitrary power to the mayor under which he may license or refuse to license at will.    In undertaking to regulate a trade or business an ordinance should, at least, express an idea upon the subject of regulation and not leave to an administrative officer the formulation of a policy wholly legislative in origin and nature.    This ordinance is no more than a delegation of an exercise of the police power to the arbitrary will of the mayor; because it defines no public policy or purpose, does not speak in regulatory terms, conveys no idea of an end desired, avows no object to be accomplished by way of means prescribed, saves no rights to persons wanting to engage in the legitimate business of retailing jewelry, for it fixes no conditions to be met, and so offends against elementary principles governing delegated administra-

tive functions under the police power as to render it wholly void.' Authority supporting this holding is set out in the minority opinion in *Samuels* v. *Couzens, supra*, and need not be repeated here.

The decree entered in the circuit is affirmed. The question being one of public moment, no costs will be awarded.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.