JOSEPH GLANZ *vs.* BOARD OF ZONING APPEALS OF NEW HAVEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 7th—decided November 3d, 1937.

*Vincent P. Dooley,* Corporation Counsel for the city of New Haven, with whom was *Harold C. Donegan,* Assistant Corporation Counsel, for the appellant (defendant).

*Joseph Weiner,* for the appellee (plaintiff).

HINMAN, J. The application was made in July, 1936, under § 1662 of the General Statutes as amended by § 646c of the Cumulative Supplement of 1935; was addressed to the board of zoning appeals, and, the appeal to the Superior Court alleged, was dismissed by that board on the ground that it did not have jurisdiction to grant such an application. Upon the trial of the appeal the Superior Court held that the defendant board was the proper authority to act upon the application and entered judgment accordingly. The issue on the present appeal is whether, in the city of New Haven, authority to act upon applications for certificates of approval of location of gasoline stations is, as the trial court ruled, in the board of zoning appeals or, as the appellant contends, in the mayor of the city. Determination depends upon construction of the several successive statutory provisions concerning the subject.

In 1919 the General Assembly passed an act (Public Acts, Chap. 166) which included a provision (§ 6) requiring licenses for the sale of gasoline, to be issued by the commissioner of motor vehicles, and that each application therefor state the location of the intended place of sale. In 1921 there was also required (Public Acts, Chap. 334, § 5) as a prerequisite to the establishment or maintenance of a station or place of business for the sale of gasoline, a certificate, procured from the commissioner of motor vehicles, stating that in the opinion of the commissioner the location of such station or place of business would not be such as to imperil the safety of the public. This act was amended by Chapter 140 of the Public Acts of 1925 (§ 1) by adding provisions for revocation of certificates by the commissioner, and for fees for the examination of the location for each station for which a certificate is applied for. By the same Chapter, in § 2, § 6 of Chap-

ter 166 of the Public Acts of 1919 was amended by prescribing a term and fees for the licenses therein provided for. At the same session another act was passed (Public Acts, 1925, Chap. 234) which read as follows: "Any person who shall desire to obtain a certificate from the commissioner of motor vehicles under the provisions of section five of chapter 334 of the Public Acts of 1921 as amended by chapter 140 of the Public Acts of 1925, that the location of a station or pump for the sale of gasoline will be such as not to imperil the safety of the public if such location is in a town or city containing, according to the last preceding census of the United States, more than ten thousand inhabitants, shall first obtain and present to said commissioner a certificate of approval of such proposed location from the board of selectmen of such town or the mayor of such city, as the case may be, provided the provisions of this act shall not apply to any such station or pump adjoining a trunk line or state aid highway."

Chapter 245 of the Public Acts of 1927 provided, in § 2, that the provisions of § 5 of Chapter 334 of the Public Acts of 1921 as amended by § 1 of Chapter 140 of the Public Acts of 1925 shall apply only to stations or pumps located or proposed to be located in a town or city containing less than ten thousand inhabitants or adjoining a trunk line or state aid highway. It further provided, in § 1, that any person desiring to obtain a license under the provisions of § 6 of Chapter 166 of the Public Acts of 1919 as amended by § 2 of Chapter 140 of the Public Acts of 1925 "shall first obtain and present to the commissioner of motor vehicles a certificate of approval of the location for which such license is desired, from the warden of the borough, the mayor of the city or the selectmen of the town wherein the station or pump is located or proposed to be lo-

cated, as the case may be." Further sections provided for hearings, in towns or cities of more than ten thousand inhabitants, upon applications for such certificates of approval (§ 4), for hearings by the motor vehicle commissioner, upon application of a mayor, warden or selectmen, as to whether a certificate of approval should be given (§ 5) and for appeals to the Superior Court (§ 6). Under this act authority to hear and decide applications for certificates of approval of locations in cities, including New Haven, clearly was vested in the mayor.

In 1929 another act was passed (Public Acts, Chap. 280) the first section of which was substantially the same as § 1 of Chapter 245 of the Public Acts of 1927, above quoted from, except that there was added to the provision we have quoted, "except in any city or town having a zoning commission and a board of appeals . . . , in which case such certificate shall be obtained from the board of appeals." The change effected by this section, standing alone, would transfer the authority to grant certificates of approval from the mayor to the board of appeals, in New Haven as in other municipalities having a zoning commission and such a board. However, the same act, after including in §§ 2, 3 and 4 provisions similar in substance to §§ 4, 5 and 6 of Chapter 245 of the Public Acts of 1927, provided, in § 5, "This act shall not apply to the city of New Haven," and, in § 6, repealed §§ 1, 4, 5 and 6 of the 1927 act. The legislative intent deducible from the insertion of the exception as to New Haven is to leave in effect, as to that city, the act of 1927 under which, as we have seen, authority to grant certificates of approval resided in the mayor. The only other purpose conceivable would be to dispense with, as to New Haven, any requirement of such a certificate as a prerequisite to a license, and this is too improb-

able and unreasonable to merit consideration; indeed, neither party to the present controversy suggests such an intention.

In this as in all questions of construction the statute is to be considered in the light not only of its language but of its history, the purpose it is designed to serve, and the circumstances attending its enactment. *Savings Bank of Rockville* v. *Wilcox*, 117 Conn. 188, 193, 167 Atl. 709; *State ex rel. Pape* v. *Dunais*, 120 Conn. 562, 567, 181 Atl. 721. A circumstance which may be of significance as motivating a leaving of jurisdiction, in New Haven, in the mayor is disclosed by the record on this appeal, from which it appears that in 1926, under amendments to the city charter, a city plan commission succeeded to the powers and duties of the zoning commission created in 1921, and doubt apparently existed, until it was decided affirmatively in the present proceeding (and as to this not appealed from) whether New Haven has "a zoning commission" as well as a board of appeals, within the new provision in the act of 1929. We hold that, notwithstanding the passage of that act, jurisdiction to grant certificates of approval for locations in New Haven continued to be with the mayor of that city.

It remains to be considered whether or not subsequent legislation has changed that situation. In the 1930 general revision of the statutes, with verbal changes immaterial to the present inquiry, § 2 of Chapter 140 of the Public Acts of 1925 requiring a license for the sale of gasoline was embodied as § 1660, § 5 of Chapter 334 of the Public Acts of 1921, as amended, as § 1661, and §§ 1, 2, 3 and 4 of Chapter 280 of the Public Acts of 1929, as §§ 1662, 1663, 1664, and 1665, respectively. A concluding provision of the revised statutes (§ 6570) is that all public laws not contained therein "except such as by particular pro-

vision and this title are continued in force, are repealed; but . . . all acts, which though public in form are of a local or private nature, whether printed with the public or with the special acts, shall not be affected by such repeal." By Chapter 258 of the Public Acts of 1929 the revision commission had been "authorized to omit from the general statutes as revised any acts or parts of acts which in its opinion are private in nature though public in form," and instructed "to draft as separate statutes such acts or parts of acts as it shall omit from the general statutes under the above authority, and the secretary of the state shall print such statutes with the special laws passed at the session of 1931." Accordingly, many such laws were printed with the Special Laws of 1931 under the heading "Acts Printed as Provided by Chapter 258 of the Public Acts of 1929," including, under the subheading "Public Acts of 1929," the following: "Chap. 280, Sec. 5. This act shall not apply to the city of New Haven." Narrowly construed this might be regarded as having no further effect than to except New Haven from the application of that chapter and the sections of the statute derived therefrom, but if this were the purpose it would have been more appropriately served by an excepting clause in the general statute. While the consequences of the exception as noted would have been better reflected by the drafting by the commission, pursuant to the provision in Chapter 258 of the Public Acts of 1929, above quoted, of a separate special law embodying those provisions of the 1927 act which we hold to have remained, by virtue of the exception, applicable to New Haven, after the passage of the 1929 act, the course adopted recognized the situation sufficiently to preserve it after the adoption of the revision.

The provisions of §§ 1660 and 1662 of the General

Statutes were changed, but in no respect material to the present inquiry, by §§ 1 and 2 of Chapter 282 of the Public Acts of 1935, which became §§ 645c and 646c of the Cumulative Supplement to the General Statutes, 1935. If these last mentioned sections had been adopted in the form in which they appear in the Cumulative Supplement they might be regarded as new legislation covering the subject of licenses and approval of locations by local authority, and of general application, without exception of New Haven, and there would be more force in the appellee's claim that the prior legislation including § 5 of Chapter 280 of the Public Acts of 1929, was thereby repealed by implication. However, reference to the original act appearing in Vol. 1 Engrossed Bills of Public Acts of 1935, p. 953 et seq., discloses that §§ 1 and 2 were expressly mere amendments of §§ 1660 and 1662, respectively, and therefore worked no implied repeal of the provisions which were common to both the original and the amended sections, and these include all those pertaining to approval of location by local authority. The result is that, notwithstanding subsequent amendments, the situation as to jurisdiction of certificates of approval remains the same as under the Revision of 1930, and that, in turn, differed in no respect material to the present issue from that obtaining under the Public Act of 1929. Under that, by virtue of the express exception provided in § 5, jurisdiction in New Haven remained in the mayor instead of being vested in the board of zoning appeals. That board was correct in so holding and in making the order appealed from and the Superior Court was in error in ruling that the board was the proper authority to issue certificates of approval.

There is error; the case is remanded to the Superior

Court with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.