THE CONNECTICUT BAPTIST CONVENTION *v.* JOHN W. MURPHY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 6—decided July 22, 1941.

*Vincent P. Dooley,* with whom, on the brief, was *Harold C. Donegan,* for the appellant (defendant).

*George E. Beers* and *William L. Beers,* for the appellee (plaintiff).

ELLS, J.  The plaintiff applied to the defendant, mayor of the city of New Haven, for approval of the location of a station for the sale of gasoline on premises it owned at the corner of two streets.  The defendant denied the application and the plaintiff appealed to the Superior Court, which sustained the appeal.  The defendant has appealed to this court.

The defendant based his decision upon a hearing, a personal view of the premises and his knowledge of the situation by reason of the fact that he lives in the neighborhood.  He filed no statement of the reasons upon which his decision was based.  At the trial in the Superior Court, he testified as a witness and stated that he based his conclusions upon the amount of the vehicular traffic on the streets bordering the premises, the location of schools in the neighborhood, the fact that there was a bus stop at the corner and the reduction of parking space by reason of the establishment of a gasoline station at that point, and stated that because of these elements the establishment of the station would, in his opinion, cause a traffic hazard. The trial court made a very complete finding as to the facts relevant to these reasons, including the presence of four public schools in the immediate

neighborhood, having a total of about two thousand one hundred pupils. The property is now used by the plaintiff as a church; it plans to tear down the church building and sell the land on which it is located for proposed use as a gasoline station, and to make over a brick building in the rear into a church, Sunday school room and recreation center combined. The court concluded that none of the reasons given by the defendant for denying the application had a reasonable basis in fact, that no appreciable traffic hazard would result from the location of the station on the premises in question, and that the defendant acted unreasonably and arbitrarily.

Our statutes in 1927 and ever since have provided in substance that no person shall sell or offer to sell gasoline or other product intended for use in propelling motor vehicles using combustible type engines without having received a license from the commissioner of motor vehicles; and that any person desiring to obtain such a license shall first obtain and present to the commissioner a certificate of approval of the location for which such license is desired from a specified local authority. Public Acts, 1927, Chap. 245; Public Acts, 1929, Chap. 280; General Statutes, Cum. Sup. 1935, § 646c; Cum. Sup. 1939, § 552e. It is now further provided that in any city or town having a zoning commission and a board of appeals the certificate shall be obtained from that board and that no such certificate shall be issued unless, upon a hearing after personal and public notice, the authority is satisfied that the location is suitable, considering the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect on public travel and that the use will not imperil the safety of the public. These latter provisions had their

origin in the act of 1929 referred to above and the existing statutes are amendments to that act. It is specifically provided, however, that it shall not apply to the city of New Haven. These later provisions are not, therefore, in effect as regards the issuance of a certificate in that city. *Glanz* v. *Board of Zoning Appeals of New Haven,* 123 Conn. 311, 195 Atl. 186. This case must, therefore, be decided under the statutes as they stood before the changes made by the act of 1929 and the amendments to it, that is, under the provisions of the act of 1927.

We considered the act of 1927 in *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 145 Atl. 48, and held (p. 586) that it authorized a mayor to issue such a certificate after notice and hearing, that no statutory restriction whatever is imposed upon his action in issuing or refusing to issue such certificate; that he may refuse it if in his judgment the best interests of the community under the due administration of the law require such refusal, and that consideration of local interest and conditions determining his administrative policy may justify his action in any particular case which it would be impracticable for a court to ascertain and apply even if it could be lawfully burdened with such duties. We further said (p. 588): ". . . the question here is not whether the trial court deemed these reasons sufficient to warrant the denial of the application, but whether the action of the mayor was so devoid of any reason therefor as to render it arbitrary or so unreasonable as to be an abuse of discretion." See also *Holley* v. *Sunderland,* 110 Conn. 80, 147 Atl. 300.

The mayor's action would still be subject to attack in this proceeding if it appeared that his denial of the certificate of approval was arbitrary or so unreasonable as to be an abuse of discretion. *DeFlumeri* v.

*Sunderland,* supra, 587. But the considerations he might take into account are much broader than the mere matter of traffic safety, which the trial court adopted as its test. *DeFlumeri* v. *Sunderland,* supra. Bearing in mind the broad scope of the discretion vested in the mayor, we can find in the record no sufficient support for the conclusion of the trial court that the defendant acted so arbitrarily or unreasonably as to constitute an illegal exercise of that discretion.

An interesting question concerning the constitutionality of the 1927 act is stated in *Holley* v. *Sunderland,* supra, 85, whether " 'the delegation of power to an administrative official under a statute which does not lay down any rule to guide or restrain that power or to inform applicants on what terms a certificate of approval will be granted is unconstitutional.' " For the reasons there stated, and because in the present case the constitutional question was raised neither in the appeal to the Superior Court nor to this court, the question is not now before us.

There is error, the judgment is reversed, and the case remanded to the Superior Court with direction to enter a judgment dismissing the appeal.

In this opinion AVERY and JENNINGS, Js., concurred.

MALTBIE, C. J. (dissenting). I agree that this appeal is to be decided under the act of 1927 and that the act vests in the defendant a very broad discretion. But, as the majority opinion points out, the exercise of that discretion is nevertheless reviewable upon appeal and cannot be sustained if it is arbitrary or constitutes an abuse of it. Upon the testimony of the defendant, the trial court has found the reasons which actuated him in reaching his decision as they are

stated at the beginning of the majority opinion. After a rather extensive hearing and an inspection of the locality where it was proposed to locate the station, the court specifically found the facts relevant to those grounds, and concluded that they afforded no reasonable support for the decision.

There is nothing intrinsically opposed to the public welfare in the establishment of a station for the sale of gasoline and an owner of the premises has a right to make such a use of them unless to do so in a particular case would be wrongful under the common law as a nuisance or the like or unless the state, in the proper exercise of its police power, restricts or forbids it. *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174, 179, 171 Atl. 26; *State* v. *Cullum*, 110 Conn. 291, 293, 147 Atl. 804. It is of the essence of the exercise of the police power that restrictions imposed by law shall have a rational relationship to the preservation or promotion of the public welfare. *State* v. *Hillman*, 110 Conn. 92, 105, 147 Atl. 294. We are not here concerned with a general restriction imposed by the legislature upon the establishment of stations for the sale of gasoline, for it has seen fit to leave each case to be decided upon the facts peculiar to it by requiring, before a license is issued, the approval of the location by a local official. If the location of such a station at a particular point cannot reasonably be found to be harmful to the public welfare, the owner of the premises has the right to use them for that purpose. *Strain* v. *Mims*, 123 Conn. 275, 288, 193 Atl. 754. If a mayor refuses approval where such a situation exists, he acts beyond the proper scope of the discretion reposed in him and without legal authority deprives the applicant of a right he has to make such a use of his premises. The inquiry whether there is

sound ground for the mayor's conclusion is proper matter for determination upon the appeal. *Windsor v. Whitney*, 95 Conn. 357, 369, 111 Atl. 354; *State v. Kievman*, 116 Conn. 458, 466, 165 Atl. 601; *State v. Heller*, 123 Conn. 492, 498, 196 Atl. 337. If the trial court properly concludes that the mayor has transgressed the limitations upon the police power, an abuse of discretion on his part is established and the appeal should be sustained. *Nectow v. Cambridge*, 277 U. S. 183, 188, 48 Sup. Ct. 447.

Aside from the amount and average speed of traffic passing on the streets, the finding states the location of several schools in the neighborhood, the existence of a bus stop at the corner and the fact that the location of the station will probably have the effect of limiting parking along its boundaries. These facts are not sufficient in themselves to support the ruling of the defendant, for a restriction upon a use of one's property for a lawful purpose is justified only where there is "substantial relation" to the objects sought to be accomplished. *Seattle Trust Co. v. Roberge*, 278 U. S. 116, 121, 49 Sup. Ct. 50; *Nectow v. Cambridge*, supra. No matter how broad the discretion vested in the defendant by the act, he cannot disregard the constitutional limitations upon the exercise of the police power vested in him, and, if he does so, he necessarily exceeds the proper bounds of that discretion. The defendant stated in his testimony the grounds upon which he acted and the correctness of his decision is to be judged upon the basis of those grounds, not of others which he might have considered but did not. The trial court, in effect, held that none of the grounds upon which he acted afforded substantial support for his conclusion that the certificate should not issue, and, as the facts found reasonably

support that conclusion, there was no error in its action in sustaining the appeal.

In this opinion BROWN, J., concurred.