This is an appeal from the action of the Zoning Board of Appeals of the City of Hartford granting the application of The Great Atlantic Pacific Tea Company for a variation of the zoning ordinances to permit said applicant to conduct a package store for the sale of intoxicating liquors at property leased by it at 174 Washington Street, in the City of Hartford. The appellants own land in the immediate vicinity — Richard R. Metcalf at 285-289 Park Street, lying adjacent; Richard Johnson at 159-171 Washington Street, containing apartment buildings housing 65 families, directly across the street; Julia Denney at 216-218 Washington Street, a 12-family apartment, within 500 feet of the proposed package store.
The property under consideration is located in a business zone within 1,500 feet radius of premises used for the purpose of a package store selling all alcoholic liquors. Section 204.2 of the Ordinances of the City of Hartford, as amended, provides in part as follows: "In a business zone .... no building or premises shall be used, and no building shall be erected or altered, which is arranged, intended, or designed to be used for a package store selling all alcoholic liquors, if any part of such premises is situated: (a) on any part of a lot having a frontage on either side of a public street, within 1,500 feet radius in any direction of any lot or plot upon which is located a building, or premises used for the purpose of a package store selling all alcoholic liquors...."
Section 213 of said ordinances provides in part as follows: "The Board of Appeals may in a specific case, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent, as follows: (f) Vary any requirement of this ordinance in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance."
On August 7, 1941, the applicant filed with the said Zoning Board of Appeals an application requesting "variation from Section 204.2 of the Ordinances, as amended, so as to be permitted to conduct a package store at the above location, for *Page 482 
the reason that the customers trading at the new super-market now being constructed on Washington Street may have the convenience of purchasing liquors at a package store adjacent." Pursuant to said application, the Zoning Board of Appeals held a public hearing on August 12, 1941, when Commissioners Broadhurst, Walsh, Kelly, Greene and LeRoy (being all of the members of the Zoning Board of Appeals) were present. The applicant explained, through its attorney, its desire for a variation of the 1,500 foot radius clause in the city ordinances so that it may operate an all liquor package store in the building about to be occupied by the applicant as a market of a type known as a "super-market" for the sale of food. After an explanation of the general layout of the building to be occupied by the applicant and the location of the package store, the plaintiff's attorney stated the following: "As you gentlemen probably know this company sells food, which is a necessity, and the convenience of their shoppers would be the reason for having a liquor outlet." Objections were raised by Mr. Allen Kent, representing the members of the Package Store Association, on the ground that another outlet for the sale of liquor in packages is "absolutely unnecessary." He testified that within a 1,500 foot radius of this property there are six package stores and also some drug stores with liquor permits. Others were heard to object on similar grounds. After the public hearing, the commissioners retired in private to executive chambers where the following action was taken by the board:
"Com. Broadhurst: I make a motion it be denied based on the 1,500 foot rule and because there is no public need or necessity for another outlet.
"Com. Greene: I second the motion.
"Action taken: The application was unanimously denied."
No appeal was taken from this action of the Board of Zoning Appeals. However, on September 9, 1941, an executive session of the Board of Zoning Appeals was held, at which time a letter, dated September 9, 1941, from an attorney for The Great Atlantic Pacific Tea Company, addressed to the board, was read as follows:
"September 9, 1941, Zoning Board of Appeals, Municipal Building, Hartford, Connecticut. Gentlemen: With reference to the application of The Great Atlantic Pacific Tea *Page 483 
Company to conduct an all-liquor package store at 174 Washington Street, Hartford, which was denied by you on August 12, 1941, I move that you reconsider your former action on the basis that if we are granted the exemption, the all liquor package store is to be operated in conjunction with the grocery and food business and will not be open more than ten hours in any one day, and will be closed not later than eight o'clock every evening. Very truly yours, (Signed) Anthony J. Rich, Attorney for The Great Atlantic Pacific Tea Company."
The board then took the following action: "In view of the restricted hours that the store would be open, it was the unanimous vote of the board that they be granted another hearing in which to present this additional evidence."
On September 17, 1941, The Great Atlantic Pacific Tea Company filed another application for a variation of the zoning ordinance, stating as follows: "Applicant requests variation from Section 204.2 of the Ordinances, as amended, so as to be permitted to conduct a package store at the above location, for the reason that the customers trading at the new super-market, now being constructed on Washington Street, may have the convenience of purchasing liquors at a package store adjacent.
"This store will be open not more than ten (10) hours in any one day, and will be closed not later than eight (8) o'clock every evening."
Pursuant to this second application, a public hearing was held on September 23, 1941, when all of the members of the Zoning Board of Appeals were present. The attorney for the applicant presented arguments for the granting of this application, but presented no new facts which were not before the board at the previous hearing, with the exception of his own statement that the applicant agrees that if the board acts favorably upon the application the package store will be open not more than ten hours in any one day, and will be closed not later than eight o'clock every evening, as set forth in the second petition. Objections were presented by an attorney representing a proprietor of a package store in the vicinity and other property owners. He also submitted letters addressed to the Board of Zoning Appeals from neighboring property owners renewing the objections expressed at the first hearing. After the public hearing the commissioners retired *Page 484 
to executive chambers where the following action was taken by the board:
"Com. Broadhurst: I make a motion it be tabled.
"Com. Greene: I second the motion.
"Action taken: The application was unanimously tabled."
On October 2, 1941, public hearings were held by the Board of Zoning Appeals, the members present being Commissioners Kelly, Walsh, LeRoy and Greene. Commissioner Broadhurst was absent. There is no evidence that the matter of this application, now before the court, was taken up at this public hearing, but following said public hearing the commissioners retired to executive chambers where the following action was taken by the board:
"No. 174 Washington Street: Application of the Great Atlantic Pacific Tea Co. for permission to conduct all liquor package store on premises known as No. 174 Washington Street.
"Com. Greene: I make a motion the application be granted as I think it will be a convenience to the public and I think that because of the limited hours it will be open that that will eliminate any competitive objection that existed at the previous hearing.
"Com. Walsh: I second the motion.
"Action taken: The application was unanimously approved."
No question is raised as to the legality of the first hearing on August 12, 1941; nor is there any claim that the Board of Zoning Appeals in denying the application following this hearing acted illegally, arbitrarily, or so unreasonably as to have abused its discretion. On the other hand, there is a presumption that the board acted fairly, with proper motives and upon valid reasons, and not arbitrarily. St. Patrick'sChurch Corp. vs. Daniels, 113 Conn. 132, 139; Levine vs.Zoning Board of Appeals of Meriden, 124 id. 53, 57. No appeal was taken from this action of the board within the time limited for the taking of appeals. It is quite probable that the applicant as well as the Board of Zoning Appeals was fully aware of the principles laid down in Thayer vs.Board of Appeals, 114 Conn. 15, 23, where the Supreme Court said: "It is manifest from the tenor of the zoning act as a whole that the power of authorizing variations from the general *Page 485 
provisions .... is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established .... ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature." And also that they were aware of the mandate set forth in the ordinance (§ 213f) that the board's power to vary the regulations must be not only "in harmony with its general purpose and intent, so that substantial justice may be done", but also must be "executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties
or unnecessary hardships in the way of carrying out the strict letter of this ordinance." (Italics added.)
The issue now before this court is based on the action of the Board of Zoning Appeals in reversing its decision of August 12, 1941, denying the application by granting on October 7, 1941, the application based upon a new petition dated September 17, 1941, upon which a hearing was held on September 23, 1941. The defendant Board of Zoning Appeals correctly states in its brief that "the only evidence produced at the subsequent hearing on September 23, 1941, was the limitation placed upon the hours of business of the package store." The rule applicable to the powers of a zoning board of appeals to reverse its own decision is stated as follows: ".... while the board is invested with a liberal discretion to decide whether to reverse a former decision, it is a discretion which is subject to review in the courts and it must be reasonably and legally exercised, and based upon evidence which fairly sustains the decision. It `should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise, there would be no finality to the proceeding [and] the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence.' St. Patrick's Church Corp. vs. Daniels.supra, 137. [Burr vs. Rago, 120 Conn. 287, 292.] If we add to this from the St. Patrick's Church case (p. 138) the qualification that `.... the test to be applied is whether new or additional facts appear showing a change of conditions or other considerations materially affecting the merits, intervening since the former decision' we have the complete rule applicable to the present situation." Rommell vs. Walsh, 127 Conn. 272,277. *Page 486 
The question is on the application of the rule. The evidence fails to disclose that there were any changes whatever in conditions in this locality between the time of the first hearing when the application was denied, and the second hearing when it was granted. Convenience to customers of applicant's food market was the basis of the application for variation on the first petition and hearing thereon, and is also the basic reason set forth in the second petition. The only new element which the board had before it for consideration at the second hearing was the statement in the application and by counsel in argument that the package store would be permitted to remain open not more than ten hours in any one day, and would be closed not later than eight o'clock every evening.
The action of the board unanimously denying the application after the first hearing was "because there is no public need or necessity for another outlet." The action of the board "unanimously" (one member absent) approving the application after the second hearing as "it will be a convenience to the public" is a complete reversal of its former finding and decision thereon with no factual support intervening between the two hearings other than the applicant's representation that it will curtail the "convenience" to its customers and the public by limiting the hours that it will remain open for business. The board's further finding after the second hearing relating to competitive objections is a matter with which they need have no concern. It will not be further considered. Benson's Appeal, 10 Conn. Sup. 174, and cases cited therein.
It is well settled that the function of this court on an appeal from the decision of a zoning board of appeals denying a petition for a variation of a zoning ordinance is limited to a determination whether the board of zoning appeals has acted illegally or arbitrarily, or so unreasonably as to have abused its discretion, and does not permit the court by a trial de novo
to substitute its finding and conclusions for the decision of the board of zoning appeals. Blake vs. Board of Appeals,117 Conn. 527, 531; Piccolo vs. West Haven,
120 id. 449, 453; DePalma vs. Town Plan Commission of Greenwich,
123 id. 257, 266; First National Bank Trust Co. vs. ZoningBoard of Appeals, 126 id. 228, 237; Rommell vs. Walsh,
127 id. 272, 279; Torello vs. Board of Zoning Appeals of NewHaven, id. 307, 310; Conn. Baptist Convention vs. Murphy, *Page 487 128 Conn. 261, 264; Colonial Beacon Oil Co. vs. ZoningBoard of Appeals, 128 id. 351, 354.
 It is found that the Board of Zoning Appeals in reversing on October 7, 1941, its previous decision of August 12, 1941, without any new or additional facts intervening since its former decision showing a change of conditions or other considerations materially affecting the merits, acted illegally, arbitrarily, unreasonably, and in an abuse of its discretion. The appeal is, therefore, sustained.