THE CONNECTICUT BAPTIST CONVENTION ET AL. v.
JOHN T. McCARTHY, COMMISSIONER OF
MOTOR VEHICLES.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 6—decided April 10, 1942.

*George E. Beers* and *William L. Beers,* for the plaintiff.

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the defendant.

JENNINGS, J. The named plaintiff, hereinafter called the plaintiff, applied to the defendant for a license to sell gasoline on its property in New Haven. The defendant denied the application on the sole ground that it was not accompanied by a certificate of approval from the mayor of New Haven as required by Public Acts, 1927, Chap. 245, which is still the governing statute as regards New Haven only. *Glanz* v. *New Haven Board of Zoning Appeals,* 123 Conn. 311, 317, 195 Atl. 186. The relevant portions of this statute are printed in the footnote.[1] The case

[1] Section 1. Any person who shall desire to obtain a license for the sale of gasoline . . . shall first obtain and present to the commissioner of motor vehicles a certificate of approval of the location for which such license is desired from . . . the mayor of the city . . . wherein the station or pump is located or is proposed to be located, as the case may be.

Section 4. In all towns or cities containing, according to the last preceding census of the United States more than ten thousand inhabitants, the mayor . . . shall, upon receipt of an application for the certificate of approval referred to in said section one, set a hearing upon such application not less than two nor more than

turns on its constitutionality. The plaintiff claimed it was void because it delegated "power to an administrative official without laying down any rule to guide or restrain that power and without informing applicants on what terms a certificate of approval will be granted." The following questions of law were reserved by the trial court:

"(a) Is Chapter 245 of the Public Acts of 1927 unconstitutional for the reasons claimed in Paragraph 4 of the complaint?

"(b) If said Chapter 245 of the Public Acts of 1927 is unconstitutional, must the appellant comply with Chapter 84 of the General Statutes including in particular Section 552e of the 1939 Supplement before applying to the Commissioner of Motor Vehicles under Section 242f of the 1941 Supplement to the General Statutes of said Chapter?"

The constitutionality of the 1927 act has been attacked (*Holley* v. *Sunderland*, 110 Conn. 80, 85, 147 Atl. 300) and doubted (*Connecticut Baptist Convention* v. *Murphy*, 128 Conn. 261, 265, 22 Atl. (2d) 13), but has never been so presented to us that we were called upon to decide the question. The act is devoid of any statement of its purpose or of the rules or limitations which should govern the licensing authority. Applicants are at the mercy of the will of the mayor, subject only to the limitation that his action must not be "so devoid of any reason therefor as to render it arbitrary or so unreasonable as to be an abuse of discretion." *DeFlumeri* v. *Sunderland*, 109

four weeks from the date of such application, which hearing shall be held within the city . . . where such proposed location is situated and notice thereof shall be given the applicant for such certificate of approval and by publication three times in a newspaper having a circulation within such city . . . not less than one week before the date of such hearing.

Conn. 583, 588, 145 Atl. 48; *Connecticut Baptist Convention* v. *Murphy,* supra, 264. A similar statute delegating to the milk administrator the power to fix the price of milk was fully considered in the very recent case of *State* v. *Stoddard,* 126 Conn. 623, 13 Atl. (2d) 586, and it is unnecessary to repeat the reasoning and authorities there set forth. Although the provisions of the milk control act considered in the *Stoddard* case were much more detailed than in the case at bar, the conclusion was that the act was unconstitutional in failing to conform to Article Second and Article Third, Section 1 of the Connecticut Constitution. The governing principle was stated to be (p. 628) that "A Legislature, in creating a law complete in itself and designed to accomplish a particular purpose, may expressly authorize an administrative agency to fill up the details by prescribing rules and regulations for the operation and enforcement of the law. In order to render admissible such delegation of legislative power, however, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration." The overwhelming weight of authority supports this rule. See, in addition to the citations in the *Stoddard* case, *Ingham* v. *Brooks,* 95 Conn. 317, 329, 111 Atl. 209; *Yick Wo* v. *Hopkins,* 118 U.S. 356, 366, 6 Sup. Ct. 1064; *Bizzell* v. *Goldsboro,* 192 N.C. 348, 358, 135 S.E. 50; *Juneau* v. *Badger Co-operative Oil Co.,* 227 Wis. 620, 629, 279 N.W. 666; *Commonwealth* v. *Maletsky,* 203 Mass. 241, 246, 89 N.E. 245;

*Samuels* v. *Couzens,* 222 Mich. 604, 607, 193 N.W. 212; *State ex rel. Makris* v. *Superior Court,* 113 Wash. 296, 301, 193 Pac. 845; 11 Am. Jur. 947; note, 92 A.L.R. 400. The act in question sets up no sufficient guide for the exercise of the discretion reposed in the mayor and we are constrained to hold that it is for this reason unconstitutional.

The defendant's claim, in effect, is that the limitattion on the mayor's discretion referred to above is sufficient to meet this objection, but the limitation still leaves it open to the mayor to determine what matters he will take into consideration. A somewhat similar suggestion was dealt with in *Panama Refining Co.* v. *Ryan,* 293 U.S. 388, 55 Sup. Ct. 241, at page 420: "The question whether such a delegation of legislative power is permitted by the Constitution is not answered by the argument that it should be assumed that the President has acted, and will act, for what he believes to be for the public good. The point is not one of motives but of constitutional authority, for which the best of motives is not a substitute." In *State* v. *Darazzo,* 97 Conn. 728, 734, 118 Atl. 81, the only case cited by the defendant claimed by him to lead to a contrary conclusion from that reached herein, it was specifically held that the governing principles stated in the statute involved were a sufficient guide to the public utilities commission.

The second question concerns the status and procedure required of the plaintiff if the 1927 act is found unconstitutional. The parties agree that under that finding the situation is as though the act had never been passed. The defendant claims that since there was no act of 1927, the plaintiff is subject to the general law relating to applications for licenses to sell gasoline, particularly to General Statutes, Cum. Sup. 1939, § 552e. This provides for a certificate of ap-

proval from the local authorities before an application to the commissioner is made. It derives from Public Acts, 1929, Chap. 280, and is not new legislation but an amendment of the 1929 act. *Glanz* v. *New Haven Board of Zoning Appeals,* supra. The 1929 act contains a provision that it shall not apply to the city of New Haven and this was continued by the 1930 Revision of the General Statutes. The course of this legislation is traced in detail in the *Glanz* case. Since this provision of the 1929 act has never been repealed, it follows that it is still in force and neither the 1929 act nor its amendments apply to New Haven or the plaintiff.

The answer to the first question is "yes" and to the second "no."

No costs will be taxed in this court.

In this opinion the other judges concurred.