HENRY C. ZEHRER v. HARVEY J. GRINSELL, MAYOR OF CITY OF PUTNAM

COURT OF COMMON PLEAS    WINDHAM COUNTY    FILE No. 334

Memorandum filed January 15, 1946.

*Archibald Macdonald,* of Putnam, and *Donald C. Fisk,* of Rockville, for the Plaintiff.

*Mahlon H. Geissler* and *Jean M. Bachand,* both of Putnam, for the Defendant.

BORDON, J. Pursuant to §647c of the General Statutes, Cum. 'Sup. 1935, the defendant, as mayor of the city of Putnam, held a hearing on the plaintiff's application for a certificate of approval of his property for the sale of gasoline and allied products. After the hearing, the defendant denied the application in a lengthy memorandum which contained a summary of all the evidence produced at the hearing and his conclusions. The defendant has made this memorandum a part of his answer and the plaintiff asks that it be expunged because it is evidential, states a legal conclusion and, therefore, is improper as a pleading.

Although the use of this motion is discountenanced by the courts (*Donovan* v. *Davis*, 85 Conn. 394), it is, nevertheless, a proper weapon against inclusion of offensive matters in pleadings. The incorporation of irrelevant, immaterial or evidential matter in a pleading is ground for a motion to expunge. General Statutes, §5515. The employment of this motion is countenanced if it seeks to attack evidential allegations (*Water Commissioners* v. *Robbins*, 82 Conn. 623), legal conclusions alleged in support of a cause of action (*Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230), or argumentative pleading (*Snelling* v. *Merritt*, 85 Conn. 83). If, therefore, the answer offends the above rules of pleading or contravenes the statute it should be expunged.

The important question is whether it does so offend the rules or violate the statute.

The memorandum in question is obviously intended as a substitute for a transcript of the proceedings before the determining authority. Such a transcript would, ordinarily, be admitted in evidence as a "highly desirable" aid to the court to clearly understand what transpired before the hearing authority and the reasons that motivated the decision. *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174; *Grady* v. *Katz*, 124 Conn. 525. If, therefore, in the absence of a transcript, the defendant's memorandum is intended to serve a similar function it should not be accorded a use denied the transcript. To permit it to stand as part of the answer would create issues over its correctness which would turn the pleadings from simple allegations of fact into controversial claims of evidence more properly reserved for the trial of the case, and would not accord with our accepted method of procedure. Practice Book, §108.

This view would seem to be in harmony with the procedure adopted in the case of *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, wherein the determining authority gave oral testimony about the evidence before him and the reasons for his conclusion. If the defendant, in the instant case, wishes to submit his testimony in writing, he should offer it at the trial of the case, when its admissibility may be passed upon in due course. It should not be smuggled into the case through a pleading which might become binding on and prejudicial to the plaintiff, if permitted to remain.

The plaintiff's motion to expunge is granted.