The plaintiff made application to the defendant and, the mayor of the city of Putnam, under § 647c of the 1935 Cumulative Supplement to the General Statutes, for a certificate of approval of property owned by the plaintiff at 212 Main Street, in Putnam, as a location for a gasoline station.
Section 647c reads, in part: "No such certificate shall be issued unless such . . . . . mayor . . . . . shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to . . . . . intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public."
Pursuant to these provisions the defendant, after due notice, held a hearing on plaintiff's application and thereafter, on *Page 43 
October 4, 1945, he denied said application and refused to issue a certificate of approval of said location on the ground that the proposed location would create a serious traffic hazard and would imperil the safety of the public. From that decision the plaintiff appeals of this court.
The power of this court to modify or reverse the action of the mayor does not include the power to substitute its judgment for that of the mayor. The controlling question before this court is whether or not the mayor acted illegally, arbitrarily, or so unreasonably as to have abused his discretion. DeFelice v.Zoning Board of Appeals, 130 Conn. 156, 164; Colonial BeaconOil Co. v. Zoning Board of Appeals, 128 Conn. 351, 354;Connecticut Baptist Convention v. Murphy, 128 Conn. 261,264; Torello v. Board of Zoning Appeals of New Haven,127 Conn. 307, 310; Beaverdale Memorial Park, Inc., v. Danaher,127 Conn. 175, 181. Rommell v. Walsh, 127 Conn. 272, 276;First National Bank Trust Co. v. Zoning Board of Appeals,126 Conn. 228, 236; De Palma v. Town Plan Commission ofGreenwich, 123 Conn. 257, 266; Piccolo v. West Haven,120 Conn. 449, 453; Blake v. Board of Appeals, 117 Conn. 527,531.
A zoning board of appeals or, in this instance, the mayor, acting in such a matter as this, is vested with a wide discretion which will be interfered with only when it is abused. Rommell
v. Walsh, supra; Blake v. Board of Appeals, supra.
There is a presumption that the mayor acted with fair and proper motives and sound judgment. Strain v. Nims,123 Conn. 275, 285. He will be overruled in a matter and proceeding of this kind only when it can be found that he has not acted fairly, with proper motives and upon valid reasons, in the light of all the evidence produced before him. First NationalBank Trust Co. v. Zoning Board of Appeals, supra.
The question, therefore, before this court is this: Was the action of the mayor in denying the application of the plaintiff so devoid of factual support that his decision is arbitrary or so unreasonable as to constitute an abuse of his discretion?
It is clear that the real basis of the attack on the mayor's decision is that the testimony of the two state policemen, Officer John Murphy and Sergeant Royal Scranton, should have been given greater weight and, therefore, should have been decisive *Page 44 
of the issue in favor of the plaintiff, rather than the testimony of Chief of Police Harry Wallen. Shorn of all trimmings that is just what this appeal means.
It is true that in addition to these officers and the chief of police we had the testimony of the plaintiff and Raymond Allen, a representative of the Atlantic Refining Company, whose products were to be sold at the proposed station. Both favored the location as ideal for a gasoline station. Of course they did, one would expect nothing different. Indeed, Allen became quite esthetic; he had traffic slowing up just to look at the scene created by this station. That was really the effect of his testimony. But it is the testimony of the state policemen and the engineer Dorn that the petitioner would have the mayor accept as decisive.
The state policemen I would consider disinterested, although it is true that the plaintiff is a former state policeman. Murphy and Scranton say that the proposed station could not create a traffic hazard. Chief Wallen says it would. The mayor accepted the testimony of the city's chief of police as the basis of his decision adverse to the proposed gasoline station rather than that of the police officers or of the engineer Dorn. Did he have a right to do this in the light of all the evidence?
It is not necessary to review the evidence in detail. A careful analysis of it is made in the defendant's brief and, therefore, counsel and the interested parties are thoroughly familiar with all its phases. The mayor had before him, beside the oral testimony, a map and several photographs which excellently portrayed the proposed location, the adjacent buildings and the surrounding territory for several hundred feet to either side of the site. In addition, he had an apparently thorough knowledge of the situation all along Main Street, particularly as to traffic in the immediate neighborhood of the proposed station and the probable adverse effect on the traffic conditions now prevailing there. The court has reviewed a transcript of this evidence with the result that it firmly believes that the conclusion is irresistible that there was and is ample factual support for the position taken by the mayor as zoning officer of the city in passing on this application. In the light of testimony as to the physical facts surrounding this proposed location, the flow of traffic on Main Street in this vicinity, the intersecting streets and the width of Main Street at this point, which are largely undisputed, it must be said that the mayor's action can hardly be found *Page 45 
to be illegal or arbitrary, but on the contrary, reasonable and clearly not an abuse of his authority or of his discretion.
 The appeal is, therefore, denied.