GERTRUDE OUELLET *v.* BERNARD SHAPIRO,
WELFARE COMMISSIONER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6401-3957

Argued February 8—decided June 9, 1965

*Reubin Kaminsky,* of Hartford, for the appellant
(plaintiff).

*Francis J. MacGregor,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant).

PRUYN, J. The plaintiff has appealed under § 17-2b of the General Statutes from the action of the welfare commissioner in refusing to find her eligible for public assistance under § 17-109. The appeal was originally brought to the Court of Common Pleas in Hartford County and then on stipulation of the parties was transferred to the Circuit Court, the 1963 General Assembly having transferred jurisdiction of such appeals from the Court of Common Pleas to the Circuit Court. § 17-2b. The basis of the defendant's action was that the plaintiff had transferred property without receiving fair value or reasonable consideration.

The essential facts are not in dispute. A fair hearing as required by § 17-2a was held, and the transcript of the hearing together with the hearing decision constitutes the record in the trial court. § 17-2b. "The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. The court, upon such appeal, shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion . . . ." § 17-2b. Although there is no formal finding in the trial court, the court in its memorandum of decision, of which we may take cognizance, found that the salient facts were "supported by substantial and competent evidence."

The plaintiff and her husband purchased premises known as 43 Woodbridge Avenue, East Hartford, on July 28, 1942. Her husband died on December 29, 1951, and his undivided half interest was transferred to the plaintiff on August 27, 1957. On April 15, 1963, the plaintiff quitclaimed the property to her

three daughters without any exchange of money. On May 15, 1963, the daughters transferred the property to one Sophie G. Marino for $16,500, each daughter receiving, after expenses, $5100. The assessed value of the property was $9730, and its fair market value, on April 15, 1963, $14,000 or $15,000. The health of the plaintiff, after the death of her husband, had progressively failed, and since September 25, 1960, she had been in the Bickford Convalescent Hospital, Windsor Locks, suffering from Parkinson's disease. From the time of the purchase of the house in 1942, the plaintiff had received financial help from her daughters and their husbands. The sons-in-law performed certain work on the house, converting a single home into a two-family house and thus increasing the income of the plaintiff. The plaintiff had always planned that, because of the daughters' financial assistance and the care and improvement of the property by the sons-in-law, the daughters would have the property.

In appeals from the action of administrative agencies the court can go no further than to decide whether the action of the agency was illegal, arbitrary or an abuse of discretion. *Charchenko* v. *Kelley,* 140 Conn. 210, 213; *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, 264. The court cannot substitute its judgment for that of the commissioner. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96. "An appeal from an administrative act . . . is not a transfer of jurisdiction from the administrative body or official to a court and does not require the court on appeal to retry the case *de novo* for the purpose of determining whether it shall substitute its findings and conclusions for that of the administrative body or official, but is merely a process to determine whether the body or official has acted arbitrarily, or illegally, or has acted so unreasonably as to have abused its or his discretion. . . .

Upon such an appeal the court does not make a determination upon its own independent judgment as to both law and fact . . . ." *Holley* v. *Sunderland,* 110 Conn. 80, 82; see also *Malmo's Appeal,* 72 Conn. 1, 6; *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585; *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353. Thus, and under § 17-2b, the basic issue before us is "whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion."

One of the requirements for eligibility for old age assistance is that the applicant "has not made an assignment or transfer or other disposition of property without reasonable consideration or for the purpose of qualifying for an award; provided ineligibility because of such disposition shall continue only for that period of time from date of disposition over which the fair value of such property, together with all other income and resources, would furnish support on a reasonable standard of health and decency." General Statutes § 17-109 (e). In implementing this statutory requirement, the defendant made certain regulations, which by § 17-2 of the General Statutes he has authority to make, wherein it is provided that eligibility may be found in the case of transfer of property by the applicant if fair value or reasonable consideration was received by the applicant. Fair value is considered to have been received when it is found to be the equivalent of the appraised or market value of the property less encumbrances, the usual forms of fair value being cash, mortgage notes, support in cash or in kind subsequent to the date of the transfer, or payment of a valid loan or other debt. See 1 State Welfare Dept. Manual, c. 3, index 326.1.

The defendant argues that the transfer by the plaintiff of the property to the three daughters

which was made for past considerations—past financial contributions by them and contributions by the sons-in-law in the alterations of the property—was made for "a reasonable consideration" and that the defendant's action in equating "fair value" with the statutory requirement of "reasonable consideration" was in excess of the powers conferred on him by statute and was therefore arbitrary, illegal and an abuse of discretion. The interpretation of a statute or regulation of an administrative agency involves a question of law and is a judicial function. 2 Am. Jur. 2d, Administrative Law, §§ 654, 655, 656; see also *Toll Gate Farms, Inc.* v. *Milk Regulation Board,* 148 Conn. 341, 343; *John J. McCarthy Co.* v. *Alsop,* 122 Conn. 288, 296. "Legislative intent is to be found, not in what the legislature meant to say, but in the meaning of what it did say." *Toll Gate Farms, Inc.* v. *Milk Regulation Board,* supra, 344. Section 17-109 of the General Statutes on its face would appear to make a distinction between "reasonable consideration" and "fair value," for it provides that to qualify for an award the transfer of the property must not be made "without reasonable consideration" and then, if the transfer was made without reasonable consideration, the "fair value" of the property must be considered in determining the length of the period of ineligibility. The word "reasonable" is a generic term, elastic in its nature and difficult of definition; it connotes action according to the dictates of reason; it may be synonymous with "fair," "just," "equitable." It requires consideration of the conditions and circumstances in determining what is reasonable in a particular situation. It is obvious that it is necessary to determine the fair value of property transferred in order to decide whether the consideration in whatever form received for that value is reasonable. The statute in question recognizes this interrelation. And so does the de-

fendant's regulation. We cannot say that this regulation exceeds the authority conferred on the defendant by statute.

In the case before us, there was no evidence of any definite amounts of contributions by the daughters, who testified that it was impossible to estimate the amounts. Nor was there any evidence of any note, mortgage or other instrument. The only evidence of any definite amounts was for material and labor by the sons-in-law, amounting to $2847.08, in converting the house into a two-family house. We conclude that the defendant did not act "illegally or so arbitrarily and unreasonably as to abuse his discretion."

There is no error.

In this opinion DEARINGTON and LEVINE, Js., concurred.