Pursuant to the provisions of § 17-2b of the General Statutes, the plaintiff has appealed from the judgment of the Circuit Court in which her appeal from the decision of the defendant commissioner was dismissed. The decision of the defendant terminated medical benefits previously *Page 545 
granted to her under the provisions of title XIX of the Social Security Act. 79 Stat. 343, as amended, 42 U.S.C. § 1396-1396i (Sup. III, 1973). The termination of benefits resulted after a review by a quality control unit authorized to review and conduct an audit of welfare accounts.
The basic factual situation is not essentially in dispute. On October 2, 1968, the plaintiff made application for medical assistance, but this application was denied because of excess assets, namely, bank accounts totaling more than $10,000. Prior to entering the Hebrew Home for the Aged early in May, 1969, the plaintiff closed out an account in the Society for Savings bank in the amount of $10,624. On July 3, 1969, the plaintiff filed a second application for medical assistance, and again this application was denied because the plaintiff had assets exceeding $250. After disposing of these excess assets, the plaintiff made a third application on September 8, 1969, and this was approved, effective September 1, 1969. As a result of a review by the quality control unit, these medical benefits were terminated on June 3, 1972, and, on request of the plaintiff, a fair hearing was conducted, which resulted in the affirmation of the action taken by the defendant.
After the first application of the plaintiff was denied in April, 1969, the plaintiff closed the account in the Society for Savings by giving approximately $2000 to the Hebrew Home and $4000 to each of two married daughters. In giving the money to the two daughters, the plaintiff claimed that it was in payment of loans made in the form of subsistence given to the plaintiff to implement her support since the death of her husband in September, 1964. While these loans were never reduced to writing or secured in any manner, apparently the defendant was satisfied with the *Page 546 
validity and genuineness of the claims, because he was aware of this situation at the time the application dated September 8, 1969, was approved. An examination of the plaintiff's income and expenses for the period from September, 1964, to May, 1969, reveals that she needed approximately $8000 in excess of her actual income if she was not to use her assets in the form of bank accounts.
The quality control unit in June, 1972, made a determination that the application dated September 8, 1969, should have been denied because the departmental regulations contained in indexes 326.1 and 326.2 of volume 1, chapter III, of the Connecticut State Welfare Manual were not complied with. These regulations appear in the footnote.[1] *Page 547 
The principal assignment of error posed by the plaintiff is that the regulations cited are unconstitutional as they apply to the plaintiff in that they violate the equal protection provisions of the United States constitution. The thrust of the plaintiff's argument is that these regulations make an arbitrary and vague distinction between the repayment of an existing loan and the repayment of the support which was furnished prior to the disposition of the plaintiff's assets in 1969. The plaintiff contends that there is no reasonable, logical or rational basis for allowing a loan made prior to a disposition of assets to be considered, but not allowing support rendered prior to a disposition of assets to be considered.
In Kellems v. Brown, 163 Conn. 478, 486, it is stated "[i]t is well settled that a plaintiff who attacks a statute on constitutional grounds has no easy burden." In this case we think the plaintiff has failed to sustain her burden. "[I]t has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it." Allied Stores of Ohio v. Bowers,358 U.S. 522, 528; Lindsley v. Natural CarbonicGas Co., 220 U.S. 61, 78. In Reed v. Reed, 404 U.S. 71,76, it is stated that a classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. If the facts of the case are analyzed, it is obvious that the defendant would be confronted with an unbearable burden if, in connection with the disposition of assets by an applicant prior to his applying for public assistance, the defendant had to consider claims of past support rendered to *Page 548 
the applicant. The door to fraud and other deceptions in order to qualify for welfare assistance would be opened. While these regulations may impose a hardship in specific cases, such as the present one, in no way can it be said that they infringe on the constitutional equal protection rights of the plaintiff. The regulation which provides for consideration of repayment of loans incurred prior to a disposition of the assets of an applicant appears to be valid and reasonable. The defendant has provided for adequate safeguards, namely, substantiation by a canceled note or a receipted bill. In the case of a valid loan incurred prior to a disposition of assets, it would be unfair to deprive a genuine creditor of payment in order for a person to qualify for public assistance. In effect, it would provide for aid by creditors in the support of a needy person.
The second assignment of error to be considered concerns the allegation of the plaintiff that the defendant acted illegally, arbitrarily or unreasonably in redetermining her eligibility in 1972 according to her assets as they existed in 1969. General Statutes § 17-82d provides in part: "The commissioner shall make periodic investigations to determine eligibility and may, at any time, modify, suspend or discontinue an award previously made when such action is necessary to carry out the provisions of this chapter." This section provides for a mandatory periodic investigation to determine eligibility. We fail to see that the applicant was prejudiced by the delay of almost three years in discovering the violation of the departmental regulations. While it is unfortunate that the error was not discovered sooner, the only hardship that we observe is to the state, not to the applicant as alleged in the plaintiff's last assignment of error. *Page 549 
The contention that the action of the defendant in terminating benefits in June, 1972, is illegal because the plaintiff had no available resources at that time begs the question. It is argued by the plaintiff that since she disposed of her assets in April, 1969, she is now without available resources or assets and the defendant is required to consider her eligibility as of June, 1972. If we follow the plaintiff's argument, the departmental regulations, indexes 326.1 and 326.2, would be meaningless. Once a disposition of assets has been made, obviously a person is without available resources. The interval of time that elapses is of no significance.
The judgment appealed from must be and therefore is sustained.
 There is no error.
In this opinion O'BRIEN and HAMILL, JS., concurred.