In this action the defendant commissioner has appealed from the decision of the trial court sustaining the appeal of the plaintiff from the decision of the defendant denying the application of the plaintiff for medical assistance benefits under title XIX of the Social Security Act. 79 Stat. 343, as amended, 42 U.S.C. § 1396-1396i (Sup. III, 1973).
The record in this case discloses that on August 28, 1972, the plaintiff made application for medical assistance benefits and that the application was denied by the defendant on November 2, 1972, because of the failure of the plaintiff to receive "fair value" from the disposition of property as required by law and departmental policy. The plaintiff, in April, 1971, sold her home in Florida for $15,750. On April 30, 1971, she returned to Connecticut to live with her foster son, Fred Albrecht, and his wife, Helen. On the following day, the plaintiff gave Fred the sum of $10,000 in cash. She lived with Fred, who provided free room and board, until February 18, 1972, when she entered Kimberly Hall, a home for the aged, in which she has continued to reside. In February, 1972, before entering Kimberly Hall, she gave Helen an additional sum of $500 for her efforts and care during the time that the plaintiff resided in the Albrecht household. When she entered *Page 525 
Kimberly Hall, she had $5584 in a savings account. At her request, a fair hearing was held on April 26, 1973, and the only two witnesses to testify were a state intake worker and Fred. The plaintiff was unable to attend because of her age and health. Fred testified that between March, 1941, when he joined the navy, and April 26, 1973, he contributed $9365 to the support of his foster parents by means of governmental allotments, money orders, payment of insurance premiums, travel allowances, furnishings, and miscellaneous checks. He further testified that he purchased a larger home to accommodate the plaintiff because of her infirmities. He expended $846 for convalescent home costs and medical care for the plaintiff during the period of January 3, 1973, to April 18, 1973.
In sustaining the plaintiff's appeal, the court found that there was an implied contract between the plaintiff and Fred for the repayment by the plaintiff of the financial assistance rendered to her and that the defendant's regulation that there must be a receipt for payment of a valid loan or a debt secured by a note or deed in order to make a finding of "fair value" under General Statutes 17-109 (e) is unreasonable and contrary to law; and the court ordered the defendant to consider past support and future support in determining "fair value."
The defendant has filed three assignments of error, namely, that the court erred when it (1) found an implied contract between the plaintiff and Fred for repayment by the plaintiff of financial assistance rendered to her, (2) found the defendant's regulation unreasonable and contrary to law, and (3) sustained the plaintiff's appeal and ordered the defendant to consider past support and future support in determining fair value under General Statutes 17-109 (e). *Page 526 
Before addressing ourselves to the assignments of error, we should generally note the pertinent statutes and departmental policy. General Statutes 17-134a authorizes the welfare commissioner to take advantage of the medical assistance programs provided in title XIX of the Social Security Act amendments of 1965. Section 17-134e extends the provisions of chapter 302 of the General Statutes to the medical assistance program except such provisions as are inconsistent with federal law and part IV of chapter 302. One provision of chapter 302 is 17-109 which provided at the time of the fair hearing that a person is eligible for an old age assistance award if he, inter alia, "(e) has not made an assignment or transfer or other disposition of property without reasonable consideration or for the purpose of qualifying for an award; provided ineligibility because of such disposition shall continue only for that period of time from date of disposition over which the fair value of such property, together with all other income and resources, would furnish support on a reasonable standard of health and decency."[1]
The defendant promulgated many policies, one of which is index 326.1 of volume 1, chapter III, of the Connecticut State Welfare Manual.[2] *Page 527 
It should also be noted that, in appeals from the action of an administrative agency, the court can go no further than to decide whether the action of the agency was illegal, arbitrary or an abuse of discretion. "A court is without authority to substitute its own judgment for that vested by the statutes in a zoning authority." Bartram v. Zoning Commission, 136 Conn. 89, 96; Piccolo v. West Haven, 120 Conn. 449, 455. The welfare commissioner has been given wide discretion to adopt regulations, because he must deal with a multitude of situations requiring the disbursement or withholding of public assistance. Dandridge v. Williams, 397 U.S. 471, 487.
With respect to the first assignment of error, the court erred in concluding that there was an implied contract between the plaintiff and Fred for repayment by the plaintiff of financial assistance rendered to her. A careful review and examination of an exhibit which contains letters written by the plaintiff to Fred does not support the conclusion that the plaintiff intended to pay Fred for financial assistance given her. Those letters merely made general references to the intentions that someday Fred would get his money back and that the plaintiff would rather give the money to Fred than to the convalescent home. Assuming arguendo that the letters manifested a clear intent by the plaintiff to repay Fred, the financial assistance was given *Page 528 
before the promise was made and is therefore not legal consideration to support a contract. Sandelli v. Duffy, 131 Conn. 155, 157.
The defendant's second assignment of error claims that the court erred in ruling that the defendant's regulation was unreasonable and contrary to law. We should note that the court ruled that only a part of index 326.1 was invalid. That part requires a receipt for payment of a valid loan or other debt secured by a note or deed. The court erred in that ruling. Index 326.1 does not violate state statutes. Ouellet v. Shapiro, 3 Conn. Cir. Ct. 268, 273. It does not violate the equal protection clause of thefourteenth amendment to the United States constitution. Abramson v. Welfare Commissioner, 31 Conn. Sup. 544,547.
We now consider the defendant's third assignment of error, which claims that the court erred in ordering the defendant to consider past and future support in determining "fair value." We interpret "past support" to mean support rendered previous to the plaintiff's transfers of property and "future support" to mean support rendered after those transfers. Under the departmental policy, the only support which is to be considered in determining fair value or reasonable consideration for the transferred assets is support rendered after the transfer. Therefore the only support which can be considered is the free room and board, the sum of $846 spent by Fred to meet convalescent home costs and medical care of the plaintiff, and any other support, in cash or in kind, rendered after the transfer of $10,000 to Fred and after the transfer of $500 to Fred's wife, Helen.
 There is error in part, the judgment is set aside and the case is remanded with direction to render