Jean Shanahan is the mother, supervising relative, and recipient of AFDC (aid for families with dependent children) funds for her daughter Kelly Cunningham, born December 29, 1959. That aid was terminated by the defendant, the commissioner of social services, on December 31, 1975. The level of benefits which had been $59.53 per month, took into account the fact that Mrs. Shanahan and her husband held joint undivided interests in the family residence at 789 Oak Street in East Hartford.
Until December 31, 1975, aid for the daughter had been furnished without the encumbrance of a *Page 266 
lien for the benefit of the department of social services. At a redetermination hearing on October 31, 1975, the defendant informed Mrs. Shanahan that she must agree to the filing of a lien upon her interest in the family residence. A fair hearing was requested on January 12, 1976, and following a hearing on January 29, 1976, the decision of the defendant, terminating benefits unless a lien was filed, was upheld.
This appeal is before the court under authority of General Statutes § 17-2b, which provides, in part, that the court "shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion." The court's duty is to determine "whether the commissioner, upon the facts before him, has mistaken the law, and so has acted illegally, or whether he has been arbitrary to the extent of abusing his discretion. . . . A court cannot, constitutionally, do more." Dempsey v. Tynan, 143 Conn. 202, 206;Ouellet v. Shapiro, 3 Conn. Cir. Ct. 268, 270.
The findings of the fair hearing officer are (1) that the plaintiff, Mrs. Shanahan, has been receiving an AFDC award for her child under the stepparent program; (2) that the shelter portion has been deleted to avoid a lien on the plaintiff's one-half interest in the family residence; (3) that at the time of redetermination in October, 1975, the plaintiff was told that she must agree to a lien or be found ineligible for further assistance for her daughter; (4) that the plaintiff and her husband will not agree to a lien being placed on the property; (5) that the plaintiff's husband will not provide any money for support of his stepdaughter; and (6) that the plaintiff's daughter's needs were met by her maternal grandfather until his retirement. The district determination, based on the facts *Page 267 
found, was upheld on the ground that "the policy ofthe Department to place a lien must be applied."
(Emphasis added.)
Section 17-82c of the General Statutes[1] authorizes the defendant, the commissioner of social services, to place a lien against real property occupied by the beneficiary or beneficiaries.[2] The constitutionality of real estate liens and recovery statutes as applied to AFDC recipients has been upheld in Snell v.Wyman, 281 F. Sup. 853 (S.D. N.Y.), aff'd,393 U.S. 323, and in Charleston v. Wohlgemuth,332 F. Sup. 1175, 1185 (E.D. Pa.). In Snell and Charleston,
the liens covered all assistance given to the recipient, whereas § 17-82c creates a state welfare lien covering only the amortization of the mortgage. Connecticut seeks protection for any increase in the value of the equity of the property. A statutory classification meets the equal protection test if it has some reasonable basis and it does not offend the equal protection clause because it is not made with mathematical nicety or because in practice it *Page 268 
results in some inequality. The validity of the legislation does not depend upon complete comprehensiveness, nor does the equal protection clause of the federal constitution or the special legislation clause of a state constitution require that legislation conform to an ideal pattern of orderliness, but it is enough if the selection of subjects for inclusion and exclusion rests upon a rational basis. Snell v.Wyman, supra, 865, 866.
The purpose of the AFDC program, as reflected in the Social Security Act, is to encourage "the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part [AFDC]." 42 U.S.C. § 601.
The fact that the state may put a lien on real property to cover the increase in equity does not prevent the recipient from getting his full check to cover his actual need.
Legislation to provide aid to families with dependent children should receive "a liberal constructionas regards beneficiaries so that it may accomplish its purpose." (Emphasis added.) Shell Oil Co. v.Ricciuti, 147 Conn. 277, 283. In this case, the purpose is to provide funds for the maintenance of the dependent child, Kelly. The question is not whether Mr. Shanahan wants to, is able to, or is *Page 269 
willing to support his stepdaughter, but rather whether she is in need of aid. That determination has previously been made by the state which has suspended its statutory obligation by requiring avoluntary acquiescence to a statutory requirement. The statute authorizing the placement of a lien is clear and unambiguous and, therefore, requires no interpretation. Colli v. Real Estate Commission,169 Conn. 445, 450. Since "[t]he commissioner may place a lien against any property to secure the claim of the state," no agreement is either necessary or of any legal effect. The legislature has established a policy of care for "dependent children and welfare of children who require the care, protection or discipline of the state." General Statutes § 17-2. That policy having been legislated, a requirement that a parent or stepparent acquiesce to the placement of a lien is contrary to law.
From the foregoing it follows that the action of the commissioner was contrary to his statutory power insofar as he required an agreement. So long as a finding of need was present, the dependent child was entitled to aid and the state was entitled to file its lien. The court finds that the decision to terminate payments as of December 31, 1975, was erroneous.
 Accordingly, the appeal is sustained and the matter is remanded for further hearing as to what amount, if any, should be paid, taking into account the need, the earnings of the child and the financial ability of the plaintiff since January 1, 1976.