[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an administrative appeal by the plaintiff, as conservatrix of the estate of Helen Danielson, from a decision by the defendant Department of Income Maintenance (DIM) to discontinue Old Age Assistance (OAA) payments under Title XIX, 42 U.S.C. § 1396a (Medicaid).
On October 27, 1989, the plaintiff sought a hearing on the proposal of the DIM to discontinue her OAA benefits. A CT Page 2298 hearing was held on November 14, 1989 by a hearing officer of the DIM. The hearing officer of DIM determined that Helen Danielson was a potential beneficiary of all or part of a $397,500 trust fund, and that this trust fund was an asset of Helen Danielson's estate which would preclude her entitlement to OAA payments under Title XIX.
On April 3, 1986, Helen Danielson's husband created an irrevocable trust naming his two children as trustees, and naming himself, his wife, and his "descendants" as lifetime beneficiaries. Upon the death of both Helen Danielson, and her husband, the trust is to be distributed to the living children and their children per stirpes.
The plaintiff appealed this decision to this court on January 2, 1990.
The plaintiff is an aggrieved party having a specific personal and legal interest in the subject matter being appealed, and has been specifically and injuriously affected by the decision. Cantor v. Department of Income Maintenance,40 Conn. Sup. 555, 556 (1985).
The issue is whether the estate of Helen Danielson, as a contingent beneficiary of a $397,500 trust fund is eligible for OAA benefits under Title XIX.
The plaintiff relies on Zeoli v. Commissioner of Social Services, 179 Conn. 83, 88, 97 (1979), which held that where a trust set up under the terms of a will specifically permitted the trustee to withhold trust income from the beneficiary, such a trust did not provide sufficient basis to deny Title XIX assistance.
Where assets are not actually available to a medical assistance recipient, such assets may not be considered by the state in determining eligibility for public assistance programs such as Title XIX. Id. at p. 94. Since the trustees possess "sole and absolute discretion" to make payments for the care, comfort, and support of the plaintiff, and the trustees have refused to make such payments, the plaintiff argues that the DIM erred in viewing such assets as available to the plaintiff in the determination of Medicaid eligibility.
The defendant DIM argues that the plaintiff is not eligible for Medicare since she is a recipient of a Medicaid Qualifying Trust under 42 U.S.C. § 396a(k). That section provides in pertinent part:
(k) Treatment of potential payments from CT Page 2299 medicaid qualifying trust. (1) In the case of a medicaid qualifying trust (described in paragraph (2)), the amounts from the trust deemed available to a grantor, for purposes of subsection (a) (17), is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor. For purposes of the previous sentence, the term "grantor" means the individual referred to in paragraph (2).
 (2) For purposes of this subsection, a "medicaid qualifying trust" is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
(3) This subsection shall apply without regard to —
 (A) whether or not the medicaid qualifying trust is irrevocable or is established for purposes other than to enable a grantor to qualify for medical assistance under this title [42 USCS secs 1396 et seq.]; or
 (B) whether or not the discretion described in paragraph (2) is actually exercised.
 (4) The State may waive the application of this subsection with respect to an individual where the State determines that such application would work an undue hardship. CT Page 2300
42 U.S.C. § 1396a(k).
Since the foregoing statute assumes the full exercise of discretion by the trustees, the defendant asserts that the entire amount of the trust is deemed available to the plaintiff for purposes of determining Title XIX eligibility. See42 U.S.C. § 1396a(k); Connecticut DIM uniform policy manual Section 4030.80C. Therefore, the defendant maintains that the plaintiff is not a needy person entitled to Medicaid benefits under the applicable statutes and regulations.
The defendant attempts to distinguish the instant case from Zeoli by noting that the Medicaid Qualifying Trust provision in the federal statutes came into existence after the Zeoli decision. Moreover, the trust in Zeoli was created by a will so the settlor could not benefit from his own trust. Zeoli, 179 Conn. at 87. In contrast, the Danielson trust was created by Raymond Danielson who is currently a beneficiary of that trust. Thus, the defendant argues that it is far more likely that the Danielson trust is a facade designed to shield assets and receive public funds.
Lastly, the defendant notes that it would violate public policy if the plaintiff were to receive Medicaid assistance in this case. See Cantor, 40 Conn. Sup. at 559 (it is public policy that all the property of a debtor should be available for the payment of medical expenses).
The scope of review of an appeal taken from the order of an administrative agency is limited to determining whether the agency's findings are supported by substantial and competent evidence and whether the agency's decision exceeds its statutory authority or constitutes an abuse of discretion. State v. Commission on Human Rights and Opportunities,211 Conn. 464, 477 (1989). The ruling of an administrative agency must stand unless there exists no logical or rational basis for the decision or the decision was illegal or in abuse of the agency's discretion. New Haven v. Public Utilities Commission,165 Conn. 687, 705 (1974); see also Shanahan v. Mator,34 Conn. Sup. 265, 266 (1978).
In October, 1989, Helen Danielson was 84 years old. Three years earlier, her husband set up a trust providing for his support as well as for his wife's support. The terms of the Danielson trust fall within the confines of the "medicaid qualifying trust" making the benefits from the Danielson trust as being deemed available for Helen Danielson's use.
Under these circumstances we cannot find any abuse/discretion CT Page 2301 or illegal decision by the administrative agency.
Accordingly, the appeal is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT